■ In the Matter of the Claim of OLLIE GRYDER, Respondent, v. FLAT IRON WINDOW CLEANING CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The only issue on this appeal from a decision of the Workmen's Compensation Board is whether there is substantial evidence to sustain the award of death benefits based on the partial dependency of the claimant mother and the sister of the deceased employee. The board granted dependency benefits to the mother of $22.68 per week and the sister $14.18 per week based upon an average weekly wage of the decedent of $56.71. The record establishes that the decedent had regularly contributed to the family income from the time he left school and joined the Navy, which would be from early 1953 until his death in 1960. During the time he was in the Navy he sent his mother an allotment of $50 per month. Following his discharge he lived at home about a year and gave her $10 per week and for the last two years of his life he worked in New York City and sent $20 per month to his mother. The record further shows that the take home income of the mother was $2,551.13 for the year 1959 and Social Security payments of $46.50 per month were made to the decedent's sister as the result of the death of her father. On one occasion during the illness of his mother the decedent had sent her an additional $70. The claimant mother testified that during 1959 and for a long time prior thereto the family had occupied a " company house " paying an annual rental of $39 and that she had received notice to vacate; that she paid about $60 per year for heat and had no telephone but owned a 1954 automobile. While there is no itemization of the family expenses, as compared with its income, which is ordinarily required, (see *Matter of Martorana* v. *Tensolite Insulated Wire Co.*, 14 A D 2d 462; *Matter of Holloway* v. *Camp Hatikvah*, 14 A D 2d 638) the record herein discloses without dispute that the family living expenses were to be substantially altered by an increase of rental from $39 per year to approximately $500 per year. This is a substantial change in the financial budget of a family whose total income is approximately $2,800 per year and, added to the cost of food, heat, clothing and other necessities of life, constitutes substantial evidence to sustain a finding of the board that the dependents were detrimentally affected by the loss of the contributions made by the decedent who " was attempting to assist the family in building or buying a home ". Under such circumstances, the issue of dependency being factual, we will not interfere with the finding. (*Matter of McGinty* v. *American Chimney Corp.*, 12 A D 2d 712; *Matter of Holloway* v. *Camp Hatikvah, supra.*) Decision and award unanimously affirmed, with one bill of costs to the claimant and the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.