■ In the Matter of the Claim of CHAD GILBERT et al., Respondents, v. HAPPY HILL FARM et al., Appellants, and FRANK I. WRIGHT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision and award by the Workmen's Compensation Board of death benefits to the parents, two sisters and a brother of a deceased employee. Roy Gilbert, a 22-year-old jockey, was killed at Aqueduct Race Track on April 4, 1961 when he was thrown from a horse owned by the employer. The sole issue here is the board's finding of dependency on the part of decedent's parents, two sisters and a brother. This finding, of course, is factual and is thus subject to judicial review only if there is no substantial evidence in the record to support it (e.g., *Matter of Hunter* v. *Goodstein Bros.*, 2 A D 2d 387). Here it is undisputed that the income of this rural family was meager and that decedent's father had not worked in eight or nine years prior to decedent's death. In addition decedent's mother testified that the decedent had made contributions to the family support of roughly $700 in the year preceding his death. This testimony is weak and questionable. The decedent's income tax returns indicated no dependency. Considering decedent's income the amount is very small. We cannot say that the testimony of the mother was incredible as a matter of law (cf. *Matter of Farmer* v. *Coffee Instants,* 12 A D 2d 840). Thus on the basis of the evidence in the record the board could properly find dependency in the exercise of its fact-finding power (e.g., *Matter of Holloway* v. *Camp Hatikvah,* 14 A D 2d 638). Finally the fact that the family circumstances improved after the decedent's death and partially as a result thereof has no bearing on the issues. Dependency must be determined solely as of the date of the accident (Workmen's Compensation Law, § 16, subd. 4; *Matter of Farmer* v. *Coffee Instants, supra,* p. 841). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.