■ In the Matter of the Claim of VINCENT REGO, SR., Respondent, v UNITED ROOFING & WATERPROOFING CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed May 17, 1973 and April 16, 1974. Decedent, age 23, was employed as an apprentice roofer and waterproofer. On May 7, 1971, after three days of employment, he suffered accidental fatal injuries when he fell through the roof of a building under construction. The sole issue on this appeal is whether there is substantial evidence to support the board's determination that deceased's parents were partially dependent upon him at the time of his death and are thus entitled to benefits pursuant to section 16 of the Workmen's Compensation Law. Decedent lived with his mother, father and younger brother in a one-family residence. The record reveals that the family living expenses were approximately $5,500 per year. His father had been earning $12,100 annually, but lost his job on March 31, 1971 after 30 years with the same employer. Unemployment insurance, subsidies from the brother, and part-time employment temporarily provided for the family unit during the period up to decedent's death. His mother testified that his income was needed to sustain the family even when his father was working full-time. Although decedent had been out of work since July, 1970, it is clear that the employment he had just entered would be steady and provide substantial contribution toward the family's income. There seems little question but that the rest of his family was "detrimentally affected" by the loss of his contribution *(Matter of Gryder v Flat Iron*

*Window Cleaning Co.,* 18 AD2d 1042). Other evidence offered to support claimant's position may have overemphasized somewhat the importance of decedent's past contributions, but upon the entire record there is substantial evidence to support the board's determination of partial dependency *at the date of the accident* (Workmen's Compensation Law, § 16, subd 4; *Matter of Gilbert v Happy Hill Farm,* 23 AD2d 931). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.