In the Matter of the Claim of HELEN BECKER, Respondent, against MARCY STATE HOSPITAL, Employer, and THE STATE INSURANCE FUND, Insurance Carrier, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 30, 1942.

*William F. O'Rourke* [*George J. Hayes* of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Roy Wiedersum, Assistant Attorney-General,* of counsel], for the State Industrial Board.

*John M. Cullen,* for Special Funds Conservation Committee.

*Ribyat, Walsh and Myers,* for the respondent.

PER CURIAM. The carrier appeals from a decision of the State Industrial Board which holds in effect that liability for additional medical treatment and compensation shall be chargeable against the employer and carrier, and not against the Special Fund under section 25-a of the Workmen's Compensation Law.

Claimant was accidentally injured on July 2, 1933, while engaged in the regular course of her employment. She was awarded compensation for the period from July 10, 1933 to August 5, 1933, and the last payment of this compensation was made August 16, 1933. The case was closed on September 7, 1933 at a hearing held before the State Industrial Board, but a direction was made that medical treatment was to continue when necessary. No treatment was furnished within three years prior to the application for reopening. The decision appealed from is based upon the theory that the direction to furnish medical treatment when necessary continued the case indefinitely and that the provisions of section 25-a are not applicable.

We think that such reasoning is erroneous. More than seven years have elapsed since the date of the injury and more than three years since the last payment of compensation was made or medical treatment furnished. Therefore if claimant's present disability is to be attributed in any degree to the accident of 1933 the provisions of section 25-a are clearly applicable. The case was closed beyond the seven-year period, and the direction to continue medical treatment when necessary merely stated the employer's duty in any event, *i. e.,* to furnish treatment " for such period as the nature of the injury or the process of recovery may require." (Workmen's Comp. Law, § 13.) The liability of the special fund however is not created by reason of the obligation on the part of the employer but solely by virtue of the lapse of time.

It is urged that, the decision of the Board is merely interlocutory and therefore not appealable. If it stands however it establishes liability for further medical treatment, providing a factual connection with the accident of 1933 is found. For this reason, and also because it comes generally within the purview of section 23

of the Workmen's Compensation Law, we hold the decision appealable. Claimant has had other accidents but we are not concerned with these in so far as the appealable issue here is concerned. Whether there is any factual relationship between these and her present disability is for the State Industrial Board to determine.

The decision of the State Industrial Board is reversed, with costs to the appellant State Insurance Fund, and the matter remitted to the Board for further consideration.

HILL, P. J., CRAPSER, HEFFERNAN, SCHENCK and FOSTER, JJ., concur.

Decision of the [State] Industrial Board reversed, with costs to the appellant State Insurance Fund, and matter remitted to the Board for further consideration.