In the Matter of the Claim of JOHN M. CASEY, Respondent, against HINKLE IRON WORKS et al., Appellants, and FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued June 2, 1949; decided July 19, 1949.

*Bryan Stricker* for appellants. I. The employer and carrier should have been relieved of further liability and the award should have been made against the Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. (*Matter of Becker* v. *Marcy State Hosp.,* 264 App. Div. 643; *Matter of Riddle* v. *General Ice Cream Corp.,* 262 App. Div. 353.) II. Claimant's request for these special shoes is an application for compensation under and within the reach or meaning of section 25-a. (*Matter of Wyski* v. *Brewer Dry Dock Co.,* 251 App. Div. 769; *Matter of Patti* v. *Knickerbocker Fireproofing Co.,* 255 App. Div. 732, 280 N. Y. 609; *Matter of Nylander* v. *Hilt Co.,* 259 App. Div. 766.) III. The employer's liability to provide the replacement of the orthopedic shoes is not mandated by section 13 of the Workmen's Compensation Law.

*Nathaniel L. Goldstein, Attorney-General* (*Daniel Polansky, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. The decision of the board directing the employer to furnish a pair of orthopedic

shoes to claimant was proper. The Fund for Reopened Cases was not liable for this obligation under section 25-a of the Workmen's Compensation Law. (*Matter of Murin v. Berry*, 295 N. Y. 695; *Matter of Cook v. New York Central R. R. Co.*, 296 N. Y. 576; *Matter of Kloberdanz v. Sheffield Farms Co.*, 260 App. Div. 823; *Matter of Albright v. Buffalo Niagara Elec. Corp.*, 270 App. Div. 868; *Matter of Kiriloff v. A. G. W. Wet Wash Laundry*, 293 N. Y. 222; *Matter of Neuman v. North Riv. Garnet Co.*, 279 N. Y. 702; *Matter of Ryan v. American Bridge Co.*, 268 N. Y. 502; *Matter of Naylor v. Carey*, 250 App. Div. 792.)

BROMLEY, J. Ordered by the board to furnish a pair of orthopedic shoes for claimant, the employer and carrier contend that liability should rest with the Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. Their appeal poses two questions: whether a case referred by the board to its "abeyance file" has been closed so that a further request for compensation is an application to reopen within the scope of section 25-a; and whether the employer's duty to furnish replacements for orthopedic shoes is the sort of liability which may be shifted to the fund.

The disability, caused by chronic osteomyelitis of the left leg, is the result of an accident which occurred in 1924. Since that time claimant, who received an initial award based upon 100% loss of use of the leg, has been furnished medical treatment and the special shoes which he requires at infrequent intervals by the employer or carrier.

During the period 1930–1935, the case was open and continued in the files of the board pending further necessary medical treatment. In May, 1935, the case was closed on the previous award, and claimant was directed to seek any necessary medical treatment from his employer. In 1939, the case was reopened and, after a number of hearings which disclosed that no issues remained undecided, the matter was referred to an abeyance file until claimant requested additional medical treatment. In 1943, appellants voluntarily provided a new pair of shoes for claimant. More than three years later he requested another pair, which appellants have been directed to provide.

Insofar as pertinent, section 25-a provides: " when an application for compensation is made by an employee * * * after

a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation * * * testimony may be taken * * * and if an award is made it shall be against the special fund provided by this section.''

Liability of the Fund for Reopened Cases is to be conditioned upon the lapse of time as provided by the statute. It may be imposed only in a case which has been closed and is reopened by fresh application (cf. *Matter of Kiriloff* v. *A. G. W. Wet Wash Laundry,* 293 N. Y. 222). The fund is maintained by assessments upon employers and carriers (Workmen's Compensation Law, § 25-a, subd. 3) and its purpose is patent: that the risk of claims recurring beyond the statutory periods shall be borne by all.

When this case was closed in 1935, both board and employer were aware of the claimant's condition and of the employer's statutory duty to furnish any medical treatment or equipment necessary to the treatment of his injured leg (Workmen's Compensation Law, § 13). The closing of the case in 1935, and the transfer to the abeyance file in 1939, were ordered because no further proceedings then were contemplated. The only substantial basis for distinction between a closed case and one in abeyance is said to be that the latter may be restored to the active calendar by request of the parties, while an application to reopen the former is addressed to the discretion of the board. Neither that distinction nor the labels upon the files of the board can be determinative (cf. *Matter of Fallon* v. *New York Color & Chemical Co.,* 275 N. Y. 573). For the purpose of section 25-a, a case is closed when it has been referred to the abeyance file because no further proceedings were foreseen. Such a case is to be distinguished from one held in abeyance pending the completion of a defective application for compensation, when hearings are to be held (*Matter of Ludgen* v. *Jamestown Asphalt Paving Materials Corp.,* 257 App. Div. 881; *Matter of Buddenborg* v. *Gilman Constr. Co.,* 255 App. Div. 903).

Section 13 of the Workmen's Compensation Law establishes the duty of an employer to furnish medical treatment and any equipment required for a compensable disability '' for such period as the nature of the injury or the process of recovery may require.'' The employer must provide replacements or repairs

for any necessary equipment; and neither replacement nor medical treatment shall "constitute the payment of compensation under section twenty-five-a". Manifestly the last provision was not intended to limit the nature of the liability which may be shifted to the fund. It serves only to define the words "payment of compensation" as they appear in section 25-a, and thus to provide that such expenditures shall not toll the three-year limitation under that statute.

The duty to furnish any necessary medical treatment, as well as the duty to replace orthopedic shoes, is derived from section 13. To hold that satisfaction of those duties cannot be imposed upon the fund would reduce its function to negligible importance. There is nothing in either statute to indicate that the potential liability of the fund is to depend upon the relative probability of the claimant's future need (*Matter of Becker* v. *Marcy State Hosp.*, 264 App. Div. 643). The sole criterion under section 25-a is the passage of time. In this case seven years had elapsed since claimant's accident and three years had elapsed since the last payment of compensation. The award should have been against the Fund for Reopened Cases.

The order of the Appellate Division should be reversed, and the award of the Workmen's Compensation Board annulled, with costs in this court and in the Appellate Division, and the matter remitted to the board for further proceedings in accordance with this opinion.

FULD, J. (dissenting). Section 25-a of the Workmen's Compensation Law provides, in part, that, when "*an application for compensation*" is made by an employee seven years after the injury and three years after the last payment of compensation, "an award", if any, "shall be against the special fund". All agree that the section was designed to immunize the employer and the carrier from old and stale claims and to shift the burden of such charges to the Special Fund for Reopened Cases. I do not believe that it was any part of that purpose to relieve the employer of the burden of periodically replacing worn out prosthetic devices or appliances necessitated by a compensable injury.

The decisions leave no doubt that the only claims which are truly "stale" and deserving of being shifted from employer

to special fund by the lapse of time are those which the employer could not have expected to recur after the passage of seven years from the date of injury and three years from the last payment of compensation. (See, e.g., *Matter of Ryan* v. *American Bridge Co.,* 243 App. Div. 496, 498, affd. 268 N. Y. 502.) In the *Ryan* case (*supra*), the court correctly stated that " The statute in question [§ 25-a] deals only with ' stale ' claims of injured employees, that is, those where after extended periods, there has been a recurrence of malady, a progress in disease not anticipated, or a pathological development not previously prognosticated, arising out of the injury." (243 App. Div., at p. 498.) Applications for the replacement or repair of orthopedic shoes are obviously not unforeseeable. On the contrary, in a case of total disablement of a leg, the need for their replacement or repair is not only foreseeable but inevitable, and, in view of the design of section 25-a, such matters are not the responsibility of the special fund.

Moreover, what reason and the design of section 25-a so strongly suggest, the statute elsewhere confirms. By section 13 of the Workmen's Compensation Law, the employer's obligation to repair or replace prosthetic devices, no matter how long a time may intervene between the award and the repair or replacement of such articles, is unalterably and unequivocally fixed. That section, in so many words, renders the employer liable to furnish, " for such period as the nature of the injury * * * may require ", not only " artificial members of the body or other devices or appliances necessary in the first instance to replace, support or relieve a portion or part of the body resulting from and necessitated by the injury of an employee ", but also " replacements or repairs of such artificial members of the body or such other devices or appliances necessitated by ordinary wear." And, most significantly, the statute continues, " such a replacement or repair * * * shall not constitute the payment of compensation under section twenty-five-a ".

That, it seems to me, ends the matter, for, since section 25-a applies only to a long-delayed " *application for compensation* " and since the replacement or repair of devices such as orthopedic shoes is — by legislative definition — *not* " *compensation* ", it

necessarily follows that section 25-a may not here be properly invoked by employer or carrier to shift liability to the special fund.

That being so, it is unnecessary to consider whether the board's action in placing this claim in " abeyance " in its " pending file " effectively " closed " the case for present purposes.

I would affirm the determination of the Appellate Division.

LOUGHRAN, Ch. J., CONWAY and DYE, JJ., concur with BROMLEY, J.; FULD, J., dissents in opinion in which LEWIS and DESMOND, JJ., concur.

Order reversed, etc.