■ In the Matter of the Claim of Mary Lutjen, Respondent, against I. B. Miller Construction Corp. et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal by the employer and carrier from an award of death benefits in a "heart case". Decedent had been a dock builder and accustomed to heavy work for 15 years. Shortly after he arrived for work on May 24, 1954, he began operating a hand gasoline pump to transfer gasoline from a drum to a tank on a welding machine. After he had used the pump for about five minutes he collapsed, and was pronounced dead on arrival at a hospital. Decedent had suffered from advanced coronary arteriosclerosis for many years. It is undisputed that he died of arteriosclerosis. We do not think there is substantial evidence to sustain a finding that decedent's death was "Due to unusual extra exertion, effort and strain." The description of the hand pump and the method of its operation is meager. It does not appear how much gasoline decedent had pumped or how much effort was required to operate the pump. From this record it does not appear that decedent was subjected to any more effort "than the ordinary wear and tear of life". (Matter of Burris v. Lewis, 2 N Y 2d 323, 326.) Claimant's doctor, in testifying to causal relationship, assumed the pumping required "considerable effort," yet he did not know how much effort was required. The record presented lacks substantial evidence that decedent's death was causally related to an industrial accident. (Matter of Burris v. Lewis, supra; Matter of Hanafan v. P. Callahan, Inc., 3 A D 2d 786.) Award reversed and matter remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of the Claim of John T. McCulla, Respondent, against Alco Products, Incorporated, Appellant. Workmen's Compensation Board, Respondent.— Appeal by self-insured employer from a decision and award of the Workmen's Compensation Board, filed November 14, 1956, for permanent total disability covering the period from March 4, 1931 to May 29, 1956, the latter date being that of claimant's death. Appellant contends (1) that the award is barred because application was made therefor after a lapse of 18 years from the date of injury and also a lapse of 8 years from the date of the last payment of compensation (Workmen's Compensation Law, § 25-a, subd. 6; § 123) and (2) that the finding of injuries terminating in total blindness is not supported by substantial evidence. In February and March, 1926, claimant was exposed to the flash of an electric welding machine as a result of which he claimed injury resulting in blindness of both eyes. The board found permanent total disability and made an award therefor for a period ending March 4, 1931 which was affirmed by this court (243 App. Div. 662) and paid by the employer. Thereafter the employer was permitted to

submit further evidence against permanent and total disability and numerous hearings were had during the period between December 31, 1935 and March 11, 1940. There resulted a voluminous record of medical and lay evidence upon the issue tendered by the employer's contention that claimant was malingering. During this period an impartial specialist, who had previously found total disability and whose findings were adopted by the board and quite clearly furnished the basis for the previous award, again testified, following his additional examination of claimant. He said that his tests exposed claimant's malingering and that claimant was not blind. Other medical evidence as well as the testimony of private detectives and other lay witnesses would, if accepted by the board, have required the same conclusion. In rebuttal, claimant submitted some lay testimony but no medical evidence. In this situation, it was obvious that if the original opinion of the impartial specialist thus recanted was the basis of the board's previous findings, and it seems clear to us that it was, a determination adverse to claimant would follow unless the board could justifiably accept other medical testimony in the old record, although that testimony proceeded on a different theory which the board, inferentially at least, had once rejected. Thereupon, at the hearing of March 11, 1940, claimant's attorney requested an adjournment, apparently for the purpose of producing medical proof. On shortly receiving a notice of hearing, the attorney requested that the hearing be cancelled, stating, "We have no testimony available at this time and nothing could be done." Accordingly, the parties were notified to disregard the notice, "case to be held in abeyance until claimant's Atty. advises he is ready." Thereafter the case was placed in the "closed files", according to the board's memorandum decision of March 18, 1954, which held that this action "was merely a clerical error". In 1951, more than 11 years after the last hearing, a board examiner communicated with claimant's attorney as to the case, by a letter which is not in evidence. The attorney replied: "When the above captioned case was put in the closed files, we attempted to get additional medical evidence. Shortly after that, Mr. McCulla left Schenectady, and apparently gave up the thought of producing that evidence. We fear that at this time, we cannot get that evidence and we never hear from Mr. McCulla." In 1952, a board investigator located and interviewed claimant and reported that claimant "is still definitely interested in his claim and desires further medical examination for evidentiary purposes." Hearings followed and the award appealed from was made. The board's jurisdiction being continuing (Workmen's Compensation Law, § 123), the limitations of time provided in section 123 and in subdivision 6 of section 25-a, upon which appellant relies, do not apply to open cases and appellant's contentions are valid only if this case was closed, with the result that a later award of compensation could be made only upon "application therefor" within the periods of time specified. In Matter of Casey v. Hinkle Iron Works (299 N. Y. 382) and again in Matter of Diskin v. 99 Wall St. Corp. (279 App. Div. 1103, motion for leave to appeal denied 304 N. Y. 986) the question was presented as to whether a case had been closed within the contemplation of subdivision 1 of section 25-a, so as to shift responsibility to the Special Fund for Reopened Cases (which is not here involved), and those decisions seem to us applicable to the problem of construction of the statutory provisions with which this case is concerned. In Casey, one question posed was "whether a case referred by the board to its 'abeyance file' has been closed so that a further request for compensation is an application to reopen within the scope of section 25-a.". (P. 384.) Remarking that "the labels upon the files of the board" are not determinative, the court said: "For the purpose of section 25-a, a case is closed when it has been referred to the abeyance file because

no further proceedings were foreseen." (P. 385.) We applied this test in the *Diskin* case and held that a direction that the case be closed until claimant should request a hearing did not constitute an actual closing of the case in the light of the undisputed proof that further proceedings were then contemplated. Doubtless further proceedings after March 11, 1940 were contemplated here, subject to the inferential proviso, made clear in the light of the subsequent correspondence, that claimant should be able to obtain medical proof. At that time claimant's attorney expected to be able within two weeks to advise the board as to another hearing. However, claimant's complete inaction for some 12 years thereafter, considered in the light of his attorney's letters written in 1940 and 1951 and in the light, also, of the fact that this case involved no change in claimant's condition or in any other circumstance during the long interim, leads to the inescapable conclusion that claimant abandoned any idea of proceeding further. Certainly, claimant has advanced no explanation to refute the inference that such was the fact, prior to the board investigator's visit in 1952. Thus, while the case was in the "closed" files and regardless of whether or not it had previously been considered as merely in abeyance (as in the *Casey* case), there clearly came a time when no further proceedings were contemplated. We do not consider that under the *Casey* and *Diskin* decisions the status of a case at the last hearing need continue indefinitely, at least when, as here, the contemplation of further proceedings was clearly, though inferentially, upon an "if" basis. It seems to us that it would thwart every reasonable intendment of the statute to hold that the case remained open indefinitely upon the request for an adjournment, subject to notification within two weeks as to readiness to proceed, followed by no change in any of the circumstances but by 12 years of inaction with no indication of any mitigating factor contributing to so excessive a delay. The case having been closed, a further application by claimant was necessary and none was timely made. This conclusion renders unnecessary our consideration of the merits. Decision and award reversed and claim dismissed, with cost to appellant against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.