■ In the Matter of the Claim of VICTOR J. STANDISH, Respondent, against WALTER B. COOKE, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board which discharged the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law from liability for certain medical expenses. The accident occurred in 1943 and compensation payments were made for brief periods of lost time in 1945. During the period from 1945 to 1957, however, claimant did receive medical treatment for which the carrier paid. In 1957 claimant sought reimbursement for medical expenses paid by him and this claim was adjusted. On October 14, 1957 the referee closed the case in these words: "Case is closed. There is a medical disability, and claimant appears to be entitled to further medical bills, which he may submit for payment. It will be reopened immediately upon submission of bills which are not paid by the carrier." On November 12, 1957 the board received two relatively small bills for medical expenses and on January 2, 1958 the case was reopened and at a subsequent hearing the carrier raised the question of the liability of the Special Fund under section 25-a, seven years having elapsed since the accident and three years since the last payment of compensation. The referee discharged the Fund and the board affirmed, stating that "reopening of this claim under the rules and procedures of the Workmen's Compensation Board within the thirty day period after entry of the decision on which basis the case was closed tolls the provisions of Section 25-a so that liability does not involve the Special Fund for Reopened Cases but the employer and carrier." There are no actual "rules" governing or providing for this procedure. The theory of the 30-day period seems to be that since the board

on its own motion or on application can modify or rescind a Referee's decision (Workmen's Compensation Law, § 150), at least during the 30-day period within which an appeal to the board can be taken (Workmen's Compensation Law, § 23), the decision does not acquire finality until the expiration of that time and that in this case the board's receipt of the medical bills within that period and the reopening of the case (apparently by the claims section some seven weeks later) operated to effect a reconsideration, followed by action to "modify" or "rescind" (§ 150). We are unable to adopt this tenuous argument. The board did not "modfy" or "rescind" a decision but *reopened* a ɹase theretofore closed. Upon that act the liability of the respondent Fund arose. "The sole criterion under section 25-a is the passage of time." (*Matter of Casey* v. *Hinkle Iron Works*, 299 N. Y. 382, 386.) Even more directly in point is *Matter of Becker* v. *Marcy State Hosp.* (264 App. Div. 643), cited with approval in *Casey* (*supra*). Decision and award reversed and matter remitted to the Workmen's Compensation Board, with costs to appellants against respondent Special Fund. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.