In the Matter of the Claim of SAM YOUNGELMAN, Respondent, against CITY OF NEW YORK, DEPARTMENT OF SANITATION, Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 28, 1960.

*John M. Cullen* for appellant.

*Benjamin Young* for claimant-respondent.

*Charles H. Tenney, Corporation Counsel* (*Edward A. Doberman* and *Seymour B. Quel* of counsel), for City of New York, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Roy Wiedersum* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

BERGAN. P. J. Claimant suffered an industrial accident on May 8, 1933 in which he sustained a right inguinal hernia. His compensation case was closed December 19, 1934 on a finding that the disability did not exceed the waiting period.

From time to time as claimant needed it, the employer furnished a truss. The last one was furnished in April, 1953. In 1956 claimant made an application to reopen his case to obtain authorization to obtain a new truss.

The board granted the application; discharged the employer, and directed in effect that the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law assume responsibility for furnishing the truss. The Fund appeals.

Although a literal reading of the language of subdivision (a) of section 13 would suggest a continuing independent obligation, entirely apart from a direction or award by the board, of an employer to furnish medical treatment or apparatus as long as the need might continue, i.e., '' for such period as the nature of the injury or the process of recovery may require '', the statute has been construed judicially to relieve the employer and to impose a responsibility on the Special Fund for Reopened Cases for such medical treatment within the time limits at which the Special Fund would become responsible for an award of compensation. (*Matter of Casey* v. *Hinkle Iron Works,* 299 N. Y. 382.)

This time limit would be after a lapse of seven years from the date of injury or death and of three years from the last payment of compensation. Since the statute provides in explicit terms that the provision of medical devices or service is not '' the payment of compensation '' within section 25-a, the furnishing of the truss in 1953 did not operate to continue the employer's responsibility for compensation, nor, within the *Casey* decision, did it continue the employer's obligation for further medical service or equipment.

But the Special Fund's liability for '' compensation benefits '' terminates after 18 years from the date of accident and 8 years from the last payment of compensation (§ 25-a, subd. 6) and for an '' award of compensation '' by the same time limits (§ 123).

Thus the Fund would be discharged from liability for an '' award of compensation '', and apparently from liability for '' compensation benefits '' because in this case the furnishing of a truss by the employer within eight years of the application to reopen cannot, under the explicit words of subdivision (a) of section 13 be treated as a payment of compensation.

The residual problem, which was not considered or decided by the board is the extent to which the Special Fund must assume and be required to continue to assume beyond these time limitations as to " award " and " compensation benefits " a responsibility which, under subdivision (a) of section 13 in terms the employer has without limitation of time.

This is an open question, and as far as we have observed, has not been decided by the board or the court. Subdivision 2 of section 25-a on its face indicates a continuing obligation of the Special Fund without limitation of time to pay for medical treatment or supplies, not in response to an award or decision of the board, but when " authorized by " the chairman of the board.

The use of the term "further services " at the outset of this subdivision suggests that the chairman may authorize such services from the Special Fund even though the Statute of Limitations has run in favor of the employer as to such services, and in favor of the Fund as to awards or " compensation benefits ".

No such authorization was made here by the chairman and we do not reach the question on this record. We leave it open for decision by the chairman of the board. The direction as made by the board on this record was, however, unauthorized.

The decision should be reversed and the claim remitted for further consideration of the chairman of the board and of the board, without costs.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Decision reversed and the claim remitted for further consideration of the chairman of the board and of the board, without costs.