In the Matter of the Claim of HERMAN BERLINSKI, Respondent, v. CONGREGATION EMANUEL OF THE CITY OF NEW YORK et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. — HERLIHY, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board dated March 22, 1967 which held that the respondent Special Fund was not liable for the compensation awarded to the claimant. The sole issue upon this appeal is whether or not the record supports the finding of the board that at the time of the closing of this case by a Referee on March 21, 1960 further proceedings were contemplated and there was no final closing within the meaning of section 25-a of the Workmen's Compensation Law. The right of claimant to compensation is not in issue. The dispute concerns the responsibility of the carrier or the Special Fund. On March 18, 1958 a Referee found that the claimant on February 1, 1957 suffered a compensable accident in that his employment aggravated "a pre-existing coronary arteriosclerosis precipitating a coronary occlusion with myocardial infarction". There was no lost time (wages) on and after April 8, 1957 until May 18, 1965. On July 28, 1959 a Referee found that the claimant suffered "a moderate permanent partial disability". On March 21, 1960 a Referee held: "Closed until such time as claimant requests a hearing". On August 8, 1965 a medical report was filed with the board and because of the changes in claimant's condition set forth in that report, the board "reopened and restored [the case] to the Referee Calendar". There is no question that the limitation of 3–7 years had lapsed. It should be further noted that the wording used by the Referee in closing the case was solely for the benefit of the claimant and the responsibility of future compensation should, therefore, have been assessed in accordance with the time limitation of the statute. In *Matter of Abelowitz* v. *Sterling Tool Co.* (26 A D 2d 875, 876) we held that where no award had been made because the claim was premature, the board could conclude that the "closing" of the claim was not final within the meaning of section 25-a. (See also *Matter of Casey* v. *Hinkle Iron Works,* 299 N. Y. 382, 385; *Matter of Janikowski* v. *Yardleys of London,* 11 A D 2d 577, 578; *Matter of Diskin* v. *99 Wall St. Corp.,* 279 App. Div. 1103, mot. for lv. to app. den. 304 N. Y. 986; *Matter of Wohlsen* v. *New Rochelle Coal & Lbr. Co.,* 14 A D 2d 661, 662.) The above cited cases make it clear that the finality of the "closing" of a claim is dependent upon the circumstances at the time of such closing. It appears that the resolution of such an issue contains both factual and legal questions. (*Matter of Casey* v. *Hinkle Iron Works, supra*[1].) Section 25-a as applicable to the facts in this case provides in part: "1. Notwithstanding other provisions of this chapter, when an application for compensation is made by an employee * * * and the employer has secured the payment of compensation in accordance with section fifty of this chapter * * * (2) after a lapse of seven years from the date of the injury * * * and also a lapse of three years from the date of the last payment of compensation * * * and if an award is made it shall be against the special fund provided by this section." In the case of *Matter of Leonescu* v. *Star Liq. Dealers* (25 A D 2d 932, affd. 20 N Y 2d 956, 958) the question of the finality of a Referee's decision and the applicability of statutory limitations as to awards were raised. The Court of Appeals confirmed the "power" of the board to reopen a claim *nunc pro tunc* where the claim "was improperly closed". The problems as to limitation on an award were obviated by concessions of

---

1. In this case the Court of Appeals reversed this court and annulled the decision of the Workmen's Compensation Board. (See 274 App. Div. 831.)

the appellants in the Court of Appeals. There is no showing that the closing of this case was because compensation could not be awarded at that time due to some statutory waiting period or the unavailability of claimant. (*Matter of Abelowitz* v. *Sterling Tool Co.*, *supra*; *Matter of Janikowski* v. *Yardleys of London*, *supra*; *Matter of Diskin* v. *99 Wall St. Corp.*, *supra*; *Matter of Wohlsen* v. *New Rochelle Coal & Lbr. Co.*, *supra*.) The fact that the claimant may at some future time be entitled to further compensation as a result of a change in condition or a loss of suitable employment for one so partially disabled might support the finding that some future proceeding was contemplated. However, if it were not the intention of the Legislature to make section 25-a applicable to permanent partial disability cases, the specific provision of section 25-a relating to lump sum payments would seem unnecessary. (See, also, *Matter of Becker* v. *Marcy State Hosp.*, 264 App. Div. 643.) Where the question of the finality of a Referee's decision (see Workmen's Compensation Law, § 23) is in issue only as regards the Special Fund and the insurance carrier with no prejudice shown to the claimant, there is no need to thwart the obvious intent of the Legislature to transfer liability for stale claims to the Special Fund. It appears that the closing of this case was neither a mere adjournment for the purpose of making an award in the future nor an improper exercise of power and under such circumstances the board may not as a matter of law impose liability on the employer or its insurance carrier. (See *Matter of McKenna* v. *Elm Tremont Coal Co.*, 9 A D 2d 458, 459; *Matter of McCulla* v. *Alco Prods.*, 5 A D 2d 898, 900; *Matter of Wohlsen* v. *New Rochelle Coal & Lbr. Co.*, *supra*.) Decision reversed, with costs against the Special Funds Conservation Committee, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Herlihy, J.

