■ In the Matter of the Claim of YETTA DENNETT, Respondent, v. DENNETT REFRIGERATION EQUIPMENT et al., Appellants; SECURITY INSURANCE COMPANY et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed March 10, 1970, which discharged the Special Fund for Reopened Cases from liability and charged the appellants with the same (Workmen's Compensation Law, § 25-a). The claimant's right to death benefits is not in question here. The sole issue raised is that of liability of the Special Fund for Reopened Cases. The appellants contend that the board erred as a matter of law when it discharged the Special Fund on a finding that there had been no final closing within the meaning of section 25-a since further proceedings were contemplated. Claimant's decedent suffered three compensable heart attacks in 1948, 1951 and 1954. By a 1961 board decision, disability benefits were allowed on the first two accidents and no loss was attributed to the 1954 attack. All cases were closed with a direction to the carriers to continue the specified payments " until there is a change in condition or earnings ". Similar findings were made when the claim as to the 1954 attack was reopened and reclosed in 1964 and 1967. Upon the decedent's death in 1968, death was attributed equally to all three compensable heart attacks, and the respective carriers were each held accountable for one third of the death benefits due thereon. The State Insurance Fund, carrier

on the 1954 claim, argued that since more than seven years had elapsed since the date of the injury and more than three since its last payment of compensation, the Special Fund should be liable (Workmen's Compensation Law, § 15, subd. 8, par. [e]; § 25-a). The board rejected that contention, finding that the closings were not within the meaning of 25-a since "further proceedings were foreseen and contemplated". The discharge of the Special Fund on such reasoning has, in factually analogous situations, been held to be error as a matter of law (*Matter of Pizzarello* v. *Town of Harrison, Police Dept.*, 31 A D 2d 878; *Matter of Berlinski* v. *Congregation Emanuel of City of N. Y.*, 29 A D 2d 1036). Section 25-a (subd. 1, par. [3]) provides that where application for death benefits is made in behalf of the dependents of a deceased employee for a death resulting from injuries occurring more than seven years prior thereto, and where three years have elapsed since the date of the last payment of compensation, any award thereon shall be against the Special Fund and not the carrier. The legislative intent of this section is that liability for stale claims shall be shifted from the carrier to the Special Fund (*Matter of Scalesse* v. *Printing Adv. Corp.*, 36 A D 2d 335; *Matter of Berlinski* v. *Congregation Emanuel of City of N. Y.*, *supra*), the criterion for the transfer being the requisite passage of time. In *Matter of Scalesse* v. *Printing Adv. Corp.* (*supra*, p. 338) we noted that while fact patterns may emerge which would permit a board finding that the case was never closed but merely restored to the Referee's calendar, "the general rule is that liability for those claims which have been noted as closed is to be imposed upon the Special Fund". The question of finality here is in issue and since no prejudice is shown to the claimant, "there is no need to thwart the obvious intent of the Legislature to transfer liability for stale claims to the Special Fund" (*Matter of Berlinski* v. *Congregation Emanuel of City of N. Y.*, *supra*, p. 1037). The closing of this case was not a mere adjournment for the purpose of making an award in the future and therefore the board was not empowered to impose liability on the employer or his insurance carrier (*Matter of Scalesse* v. *Printing Adv. Corp.*, *supra*; see *Matter of Riccardi* v. *Dellwood Dairy Co.*, 38 A D 2d 666). Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs against respondent Special Fund. Herlihy, P. J., Greenblott, Cooke, Sweeney and Simons, JJ., concur.