■ In the Matter of the Claim of VINCENT CHANCE, Respondent, v. NEW ERA LETTER COMPANY et al., Appellants, and SPECIAL FUND FOR REOPENED

CASES, Respondent, WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board holding that the alleged closing of the claimant's compensation case on October 24, 1957 was not a true closing so as to discharge the appellants from liability since further board action was foreseen and contemplated. In *Matter of Scalesse* v. *Printing Adv. Corp., Enterprises Print. Div.* (30 N Y 2d 234, 237) the Court of Appeals stated: " The determination with regard to the ' closing' of a claim for purposes of section 25-a is one of fact. (*Matter of Stoever* v. *Shearton Astor W. L. Hotel Operating Co.,* 29 A D 2d 597, 598.) ' For the purpose of section 25-a,' we said in *Matter of Casey* v. *Hinkle Iron Works* (299 N. Y. 382, 385), ' a case is closed when it has been referred to the abeyance file because no further proceedings were foreseen. Such a case is to be distinguished from one held in abeyance pending the completion of a defective application for compensation, when hearings are to be held '. Thus, the mere statement by a Referee that a case is ' closed' does not necessarily render it so within the meaning of section 25-a (*Matter of Diskin* v. *99 Wall St. Corp.,* 279 App. Div. 1103, mot. for lv. to app. den. 304 N. Y. 986) unless it can be said that further proceedings were not contemplated." Here the board factually determined that there was no closing since further proceedings were foreseen and contemplated. It is abundantly clear that each time the case was " closed ", including the " closing " of October 24, 1957, it was done so specifically " until such time as claimant returns to this country and requests a hearing ". Accordingly, we find no basis on the instant record to disturb the board's determination. *Matter of McCulla* v. *Alco Prods.* (5 A D 2d 898) is not here apposite. We find no merit in appellants' additional contentions for reversal and, therefore, the board's decision should be affirmed. Decision affirmed, with costs to the respondents filing briefs. Herlihy, P. J., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.