In the Matter of GEORGE RILEY, Respondent, v. AIRCRAFT PRODUCTS MANUFACTURING CORPORATION et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. —Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed March 30, 1973, which held that the award to claimant was not chargeable to the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. It is not controverted that on September 1, 1960, claimant, while employed by Aircraft Products Manufacturing Corporation, sustained an injury to his back in the process of moving a machine. Claimant lost some time from work in 1967 but was paid sick leave benefits and filed no claim. In 1970, he lost five weeks of work but was paid sick leave and vacation benefits. From September, 1970 to April 18, 1971, claimant was assigned light work at the same hourly rate although his total hours were reduced. On April 18, 1971 claimant became totally disabled. No claim was filed by claimant until July 5, 1971; however, the failure to file a timely claim is not in issue. The referee found that claimant suffered no compensable lost time from the date of the accident to April 18, 1971. Liability for the award from April 18, 1971 to October 27, 1972 was charged to the carrier. The board affirmed. Appellants contend that the board erred in finding that payment of sick leave benefits and assignment of light duty constituted an advance payment of compensation within three years of the filing of the claim so as to exempt the Special Fund from liability for the claim (see Workmen's Compensation Law, § 25-a, subd. 1). They further argue that, since the payments were made by a corporation which took over the employer's assets in 1965, the employer cannot be charged with the advance payment. We agree with the board's conclusion that the instant award is not chargeable to the Special Fund for Reopened Cases. It is essential to note that the claim involved here is not a renewed claim following the prior closing of a case but is, in fact, the initial claim. It is axiomatic that a case which has never been closed cannot

be "reopened" and therefore the threshhold requirement for shifting liability to the Special Fund is absent. As was said in *Matter of Casey* v. *Hinkle Iron Works* (299 N. Y. 382, 385): "Liability of the Fund for Reopened Cases is to be conditioned upon the lapse of time as provided by the statute. It may be imposed only in a case which has been closed and is reopened by fresh application (cf. *Matter of Kiriloff* v. *A. G. W. Wet Wash Laundry*, 293 N. Y. 222)." In view of the foregoing, it is unnecessary to decide the issues raised by appellants. Decision affirmed, with costs to the Special Fund for Reopened Cases. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.