In the Matter of the Claim of ANTHONY McGARRY, Respondent, v CAPATANO & GROW CONSTRUCTION CO. et al., Appellants, and MASON, JOHNSON & McLEAN et al., Respondents.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 14, 1977

*Fischer Brothers (William F. Fischer, Jr.,* of counsel), for appellants.

*Richard Tilker* for Anthony McGarry, respondent.

*George Cholet (John Cullen* of counsel), for Special Fund for Reopened Cases, respondent.

GREENBLOTT, J. In 1960 the claimant was determined to be permanently partially disabled with an occupational disease and an award of compensation was made at that time ordering payments to continue until evidence of a change in claimant's condition or earnings. By subsequent decisions, the appellant employer was held to be entitled to apportionment from prior employers. By decision filed January 9, 1967, the case was closed with a direction to the carrier to continue payments at the then established rate. In accordance with that order, payments of $45 per week reduced earnings were continued until December 24, 1970. Thereafter, payments were stopped allegedly because the claimant had returned to work at full earnings. Workmen's Compensation Board Form C-8 (notice that payment of compensation for disability has been stopped or modified) bearing the date December 24, 1970 appears in the record, but there is no proof that it was received by the board prior to January 20, 1975, and the board determined, as it was entitled to do upon the evidence pre-

sented to it, that the form was not filed on December 24, 1970 or within any reasonable time thereafter. Nevertheless, payments were stopped as indicated, and no further action was taken until July 30, 1974 when claimant requested that his case be reopened upon the ground that his disability prevented him from working after March 14, 1974.

The claimant's entitlement to benefits is not in dispute. However, appellants contend that liability should be shifted to the Special Fund for Reopened Cases under paragraph (2) of subdivision 1 of section 25-a of the Workmen's Compensation Law, since there has been a lapse of seven years from the date of the injury in 1960 and a lapse of three years from the date of the last payment of compensation in 1970. The referee refused to impose liability upon the Special Fund upon the theory that there had been no true closing of the case. On appeal to the board, the decision of the referee was affirmed. The board found that "at the time the case was reopened on September 26, 1974, the carrier was still required to be paying claimant inasmuch as it had not yet filed a C-8 and therefore the liability is that of the primary carrier and not that of the Special Fund for Reopened Cases."

In our view this determination of the board is not supported by substantial evidence and cannot be sustained. While the board has not made an explicit determination on the question of whether the instant case was closed on January 9, 1967 for purposes of section 25-a, we are of the view that a contrary finding would be arbitrary and capricious. A long line of decisions of the courts of this State, highlighted by *Matter of Casey v Hinkle Irons Works* (299 NY 382) establishes that a case is closed for purposes of section 25-a when no further proceedings are contemplated, and the main criterion for the transfer of liability to the Special Fund is the requisite passage of time *(Matter of Dennett v Dennett Refrig. Equip.,* 38 AD2d 659, 660). The mere fact that payments are to continue indefinitely in a closed case, with the possibility of a future modification upon a change in the claimant's condition or earnings cannot be taken to mean that such a case is not truly closed. Under such an approach, the legislative intent that liability be shifted to the Special Fund in stale cases would rarely if ever be effectuated. "There is nothing in [the] statute to indicate that the potential liability of the fund is to depend upon the relative probability of the claimant's future need [citation omitted]" *(Matter of Casey v Hinkle Iron*

*Works,* 299 NY 382, 386, *supra).* In cases similar to the one at bar where an award was made subject to a change in conditions or earnings, and where there had been a passage of the time periods set forth in section 25-a, findings that there had been no closing within the meaning of that statute and that the Special Fund was therefore discharged have been held to be error as a matter of law *(Matter of Dennett v Dennett Refrig. Equip.,* 38 AD2d 659, *supra; Matter of Berlinski v Congregation Emanuel of City of N. Y.,* 29 AD2d 1036). Situations where a case is held in abeyance pending completion of a defective application, or the furnishing of necessary data to establish the degree of disability or some element bearing upon claimant's entitlement to an award, relied upon by respondent, are clearly distinguishable. We therefore hold as a matter of law that the case at bar was closed January 9, 1967 for purposes of section 25-a.

This brings us to the board's conclusion that the carrier's failure to file the C-8 continued its liability. We feel that this conclusion is legally erroneous under section 25-a and other applicable provisions of the Workmen's Compensation Law. The procedure under section 25-a is governed by rule 22 (12 NYCRR 300.23) of the Workmen's Compensation Board. Subdivision (c) thereof provides, in essence, that in a closed case where an award has been made for, *inter alia,* permanent partial disability, payments may be suspended upon the filing of a C-8 if specified forms of documentary evidence are submitted in support of the carrier's action, pending final determination by the board. Thus, while the regulations implementing the statute establish that the final determination of the validity of a stoppage of payments is to be made by the board, carriers are given the authority to stop such payments if they act in good faith which they can demonstrate by the filing of satisfactory documentation. The problem in this case arises because the documentation was not formally filed, but it is of significance that no contention is made by any of the parties hereto that the carrier did not act in good faith. It is entirely possible that the failure to file the required documents was the result of inadvertent clerical error which may have amounted to a defect of a purely technical nature.

The board's decision states that "the carrier was still required to be paying claimant", but it is not clear whether the board means to say that the claimant is entitled to an award

of benefits retroactive to December 24, 1970.* There is no indication that such an award has in fact been made. It does not appear that in the hearings before the referee or the board subsequent to the reopening of this claim in 1974, any of the parties considered the issue of whether or not the carrier's stoppage of payments in 1970 was permissible upon such facts as existed at the time regarding the claimant's condition and earnings. It seems to us that if the facts were such in December of 1970 as to entitle the carrier to stop payments, neither the Special Fund nor the claimant should be entitled to a windfall merely because of a technical failure to file a C-8 and supporting documentation. This conclusion is particularly required in our view, by the provisions of section 25 (subd 1, par [d]) of the Workmen's Compensation Law which authorizes the board to impose a penalty not exceeding $25 ($50 after July 1, 1972) where a carrier has stopped payments but failed to file the prescribed forms within 16 days thereafter. We see nothing in the statute which authorizes a penalty in the nature of an imposition upon the carrier of liability which otherwise would be required under the statute to be shifted to the Special Fund.

It follows as a corollary that if the carrier's stoppage of payments was factually impermissible, its unilateral act cannot relieve it of a liability for which it clearly would have been responsible. The matter must therefore be remanded to the board for the taking of evidence on the question of whether such facts existed as of December 24, 1970, which were supportable by then existing proof, such as would have authorized the suspension of payments. If so, liability in the present case must be shifted to Special Fund. If not, liability will continue to be that of the carrier.

The decision should be reversed, with costs, and matter remitted to the Workmen's Compensation Board for further proceedings in accordance with this opinion.

KOREMAN, P. J., SWEENEY, KANE and MAHONEY, JJ., concur.

Decision reversed, with costs, and matter remitted to the Workmen's Compensation Board for further proceedings in accordance with this opinion.

---

* There is nothing in the record presently before us which indicates that the claimant is in fact seeking an award of payments retroactive to December 24, 1970.