OPINION OF THE COURT
Memorandum.
The Workmen’s Compensation Board considered this claim under a statute which provides that "testimony may be taken, either directly or through a referee and if an award is made it shall be against the special fund provided by this section” (Workmen’s Compensation Law, § 25-a, subd 1). The decision of the board, made following a hearing, that there had been no closing of the case and that liability was "that of the primary carrier, and not that of the Special Fund for Reopened Cases”, was final as to all questions of fact (Workmen’s Compensation Law, § 20), subject to judicial review only in the event there was no substantial evidence to support them (Matter of Bellini v Great Amer. Ind. Co., 299 NY 399, 403; Matter of Dennison v Peckham Rd. Corp., 295 NY 457, 461-462; Matter of Gilbert v Happy Hill Farm, 23 AD2d 931, mot for lv to app den 16 NY2d 484). Initially, the issue as to whether there had been a closing of the case was factual and we agree with the part of the Appellate Division opinion stating that the determination of the board that there had been no closing was not supported by substantial evidence.
The ultimate legal issue is the correctness of the board’s conclusion that the carrier’s failure to file a C-8 form (provided for under section 300.23 of the General Rules and Procedure of the Workmen’s Compensation Board, formerly rule 23) continued its liability. While generally the interpretation placed on a statute by the agency charged with its administration will be upheld if not irrational or unreasonable (cf. Matter of Union Free School Dist. v Nyquist, 38 NY2d 137, 142), nevertheless the ultimate question of law is subject to review in the courts (Matter of McCarter v La Rock, 240 NY 282, 285; Matter of Oddi v Cabaret Hurricane, 278 App Div 261, 264). On that distinction, the Appellate Division, it is concluded, was correct in not reading a requirement to file a C-8 form into section 25-a as a condition precedent to a closing of the case (see Matter of Casey v Hinkle Iron Works, 299 NY 382, 385; Matter of Dennett v Dennett Refrig. Equip., 38 AD2d 659, 660; see, also, Workmen’s Compensation Law, §§ 20, 23; Matter of Welz v Markel Serv., 270 App Div 15, 19).
*948 Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, and order absolute directed against appellant on its stipulation in a memorandum.