■ In the Matter of the Claim of Timothy C. Pegoraro, Respondent, v Tessy Plastics Corporation et al., Appellants, and Special Fund for Reopened Cases, Respondent. Workers' Compensation Board, Respondent. [732 NYS2d 260] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed March 27, 2000, which ruled, *inter alia*, that claimant was entitled to partial disability benefits.

Claimant struck his head during his employment in October 1991. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) held that claimant was partially disabled and directed the carrier to pay benefits. Claimant eventually returned to work and, following a second hearing, the WCLJ closed the case in July 1994. In October 1996, after claimant lost his job due to a plant closing and enrolled in a college retraining program which prohibited him from working, his case was reopened to consider his request for continuing medical treatment. A decision was issued in January 1997 authorizing future medical treatment as needed. Claimant graduated from the program in July 1998, but he was unsuccessful in his efforts to find employment until his treating physician reduced his work restrictions. After claimant found employment, further hearings were held concerning his entitlement to any other compensation. The WCLJ determined that claimant was to be paid retroactive partial disability benefits from his graduation until his employment in April 1999, he did not voluntarily withdraw from the labor market and the Special Fund for Reopened Cases was not liable pursuant to Workers' Compensation Law § 25-a. The Workers' Compensation Board affirmed this decision and the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal.

Noting that claimant's case had been reopened in October 1996 within seven years of the accident and never closed thereafter, the Board properly held that Workers' Compensation Law § 25-a did not apply to shift liability to the Special Fund. The issue of whether a case is closed for the purpose of shifting liability to the Special Fund is one of fact to be determined by the Board and, in this case, turns upon whether further proceedings were contemplated at the time of the January 1997 decision (*see, Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811). Rather than specifically stating that the case was closed, the 1997 decision states that "[a]ll present issues are resolved" and "[n]o further action is planned or expected * * * at this time." This language evinces an intent to keep the matter open pending the necessity of further action. Although future action may not have been planned or expected, it was at least contemplated. Accordingly, the record supports the Board's factual determination that the case was not closed and subsequently reopened, as well as its legal conclusion that Workers' Compensation Law § 25-a is inapplicable (*see, Matter of Knapp v Empire Aluminum Indus., supra; Matter of Walker v Carrier Air Conditioning*, 110 AD2d 957).

Substantial evidence also supports the Board's award of

partial disability, as claimant's treating orthopedic surgeon testified to a compensable injury. While there was some evidence supporting a contrary result (*see, Matter of Spoerl v Armstrong Pumps*, 251 AD2d 915, 916, *lv denied* 92 NY2d 820), the carrier failed to offer any expert medical testimony and the Board was within its province to resolve factual issues based upon credibility determinations and draw reasonable inferences from the evidence presented (*see, Matter of MacKenzie v Management Recruiters*, 271 AD2d 822, 824, *lv denied* 95 NY2d 768; *Matter of Rochel v Gardiner Manor Mall*, 259 AD2d 840, 841). Further, as the issue of causal relationship was not presented to the Board, it is not properly preserved for our review (*see, Matter of Middleton v Coxsackie Correctional Facility*, 38 NY2d 130, 132-133).

Finally, the issue of whether claimant withdrew from the labor market is also a factual one, and the record evidence here supports the Board's finding that claimant did not voluntarily do so (*see, Matter of Beehm v Educational Opportunity Ctr.*, 272 AD2d 808; *Matter of Prior v Wegmans Food Mkts.*, 246 AD2d 951).

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.