■ In the Matter of the Claim of SHARON ANDRUS, Respondent, v PUROLATOR PRODUCTS et al., Appellants. SPECIAL FUND CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 224] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed May 25, 2001, which ruled that the employer's workers' compensation carrier was responsible for the payment of workers' compensation benefits.

On February 9, 1993, claimant sustained an injury to her left shoulder in the course of her employment. The employer's workers' compensation carrier thereafter accepted a conciliation agreement providing that claimant's injury was compensable, that symptomatic treatment was authorized and that claimant had accrued no compensable lost time. Pursuant to the decision of a Workers' Compensation Law Judge (hereinafter WCLJ), the case was closed on December 20, 1993, without contemplation of further proceedings. In December 1999, claimant's physician filed an application to reopen the case in order to obtain authorization for cortisone injections to treat the pain in claimant's left shoulder. The case was reopened in August 2000 and a WCLJ's hearing resulted in a notice of decision, filed October 2, 2000, authorizing the injections. The case was then closed. No appeal was taken.

Claimant's case was reopened October 26, 2000 to consider the causality of her recent lost time from work and for consideration of her physician's request for authorization for additional injections. After a hearing on February 28, 2001, the WCLJ authorized the additional medical treatment but discharged the carrier from further liability on the ground that claimant's case had been fully closed, effective October 2, 2000, and that, by operation of Workers' Compensation Law § 25-a,

the Special Fund Conservation Committee had since become liable for any additional compensation that might subsequently be granted to claimant. On appeal, the Workers' Compensation Board reversed the carrier's discharge, finding that the October 2, 2000 closing of the case was not a "true closing," a fact that rendered Workers' Compensation Law § 25-a inapplicable. The employer and its carrier appeal from the Board's decision.

The determination of whether a case has been fully closed for the purposes of Workers' Compensation Law § 25-a presents an issue of fact for resolution by the Board and its determination will not be disturbed so long as it is supported by substantial evidence (*see Matter of McGarry v Catapano & Grow Constr. Co.*, 44 NY2d 946, 947; *Matter of Scalesse v Printing Adv. Corp.*, 30 NY2d 234, 237). In our view, the decision of the Board is not supported by substantial evidence and cannot be sustained. Workers' Compensation Law § 25-a (1) provides that the Special Fund is liable for awards made "after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation." The passage of time is the sole criterion in determining whether Workers' Compensation Law § 25-a is applicable (*see Matter of McQueen v New York State Div. of Parole*, 245 AD2d 851, 852, *lv denied* 92 NY2d 802).

It is uncontested that in this case, the time limitation periods of Workers' Compensation Law § 25-a (1) were satisfied as of February 9, 2000. Closure of claimant's case by decision filed October 2, 2000 triggered the provisions of Workers' Compensation Law § 25-a discharging the carrier from liability. Although the Board ruled that this decision did not constitute a "true closing" because the parties anticipated the possibility that claimant might require further medical treatment, it is well settled that an employer's potential liability for future medical treatment in a closed case "cannot be taken to mean that such a case is not truly closed" (*Matter of McGarry v Catapano & Grow Constr. Co.*, 58 AD2d 372, 374, *affd* 44 NY2d 946; *see Matter of Casey v Hinkle Iron Works*, 299 NY 382, 386; *Matter of Becker v Marcy State Hosp.*, 264 App Div 643, 644; *see also* Workers' Compensation Law § 13 [a]).* The fact that there could be a deterioration in claimant's physical condition requir-

---

* Our holding in *Matter of Pegoraro v Tessy Plastics Corp.* (287 AD2d 909, *lv dismissed and denied* 98 NY2d 669) is not to the contrary. There, the statement "[n]o further action is planned * * * at this time" (*id.* at 910) in a WCLJ's decision rendered less than seven years following a claimant's injury was held not to preclude, as a matter of law, a later finding by the Board that the case had not been closed for purposes of shifting liability to the Special Fund.

ing another reopening of her case does not mean that the matter was not fully closed for the purposes of Workers' Compensation Law § 25-a on October 2, 2000, and the fact that the matter was reopened shortly thereafter, on October 26, 2000 does not change this result (*see Matter of McGarry v Catapano & Grow Constr. Co., supra* at 374-375).

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

