In the Matter of the Claim of EMMA CRAVEN, Respondent, against HARRY C. ANDREWS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, February 26, 1954.

*Franklin A. Goldwater* for appellants.

*Salvatore M. Lo Monaco* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J. Claimant was injured in the course of employment on March 31, 1941. She commenced a third-party action which was settled. On February 15, 1945, almost four years after the accident, a finding was made by the board that claimant had suffered a 20% loss of the use of her right leg and a schedule award was made against the appellant carrier.

The net amount which the claimant had received in the settlement of the third-party action was $1,760.82. This amount being credited to the carrier and exceeding the amount of the award, there was no deficiency award, and the case was closed on February 15, 1945.

On February 16, 1950, the board reopened the case on a medical report showing additional consequences of the injury. This, with reference to the provisions of section 25-a of the Workmen's Compensation Law, was more than seven years after the accident and more than three years since the payment of any compensation, treating the settlement of the third-party action as such a payment. The board placed the Special Fund for Reopened Cases on notice.

The case was again closed on December 13, 1950, but on May 28, 1951, the board reopened the claim and restored it to the calendar for reclassification of claimant's disability. This was more than ten years after the accident, and it was more than six years since the case had been closed on the schedule award and since any compensation had been paid.

The power of the board to reclassify is very broad in point of time. It may, " at any time ", and " without regard to the date of accident * * * reclassify a disability ". (Workmen's Compensation Law, § 15, subd. 6-a). But this power is expressly made " subject to the limitations " in section 25-a providing for the assumption of the risk by the Special Fund when the accident occurred more than seven years earlier and the last payment of compensation was more than three years earlier.

Hearings followed the reopening of the case for reclassification, and as a result of these the board made an additional award of compensation against the appellant carrier and discharged the Fund for Reopened Cases. In its findings of April 9, 1953, the board stated that the additional award as then made would not yet exhaust the credit to which the carrier was entitled from the third-party settlement, but that " When and if the $1,760.82 is used up " the carrier " is to pay " the further amount then specified. The appellant carrier argues on this branch of the case that the board should have discharged it and if it made an additional award it should have been made against the Special Fund.

Subdivision 8 of section 25-a states generally that " the provisions of this section shall not apply * * * to awards for deficiency compensation made pursuant to section twenty-nine of this chapter." Subdivision 4 of section 29, provides that where an employee proceeds against a third party the carrier shall contribute " only the deficiency " between the amount of the recovery against such other person actually collected and " the compensation " provided or estimated for such case.

The argument of the board is simple. Its brief states that upon the reclassification of the claimant's disability in 1951 with the resulting award by the findings of 1953 it " created a deficiency compensation " which was " specifically excluded " from the provisions of subdivision 1 of section 25-a, by subdivision 8 of that section.

The award as actually made is not, however, literally a deficiency award because the decision recites that the credit on the third-party settlement " has not as yet been used up "; but potentially it may be used up; and both sides seem to agree that the award as now made adversely affects the carrier so that it may raise the question on appeal.

Since subdivision 8 of section 25-a excludes " awards for deficiency compensation " under section 29 from the time limits of section 25-a, it becomes important to examine section 29

closely to learn what is meant by such an award for deficiency compensation. The "deficiency" is, the statute advises us, the difference between "the compensation" and "the amount of the recovery" (Workmen's Compensation Law, § 29, subd. 4). The language of subdivision 4 of the section does not seem to us to come within the term "awards for deficiency compensation".

The scheme of section 29 providing for third-party actions necessarily contemplates some delay in the making of compensation awards, especially where, after the third-party claim had been fully prosecuted in a court and a judgment entered there remained a deficiency between the amount thus recovered and the compensation allowed. It was this anticipated delay which seems to have led to the provision that "awards for deficiency" compensation be taken out of the general time limits of section 25-a.

But where the award has been made and paid or fully credited and the deficiency had been established and fully reflected in an award or it is established as here that there is a surplus, and the case closed, there is nothing in the language of these sections read together to show any clear intention to have the carrier remain indefinitely subject to further assessment of compensation on the theory that from time to time the board may make a further deficiency award or turn a surplus into a deficiency.

The case having been closed, a further award based on a change of conditions more than seven years from the date of accident and more than three years from the last payment of compensation should fall within the usual rule under which the Special Fund takes up the risk.

The award insofar as it operates to impose liability for further compensation on the appellant carrier should be reversed and the proceeding remitted to the Workmen's Compensation Board for further proceedings, with costs to appellant against the Workmen's Compensation Board.

FOSTER, P. J., COON, HALPERN and IMRIE, JJ., concur.

Award reversed and proceeding remitted to the Workmen's Compensation Board for further proceedings, with costs to appellant against the Workmen's Compensation Board.