■ In the Matter of the Claim of HARRY W. MCCARTHY, Respondent, against H. J. HEINZ Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — This is an appeal by a self-insured employer from a decision and award made by the Workmen's Compensation Board which granted a deficiency compensation to the claimant in the sum of $13,167.14. The self-insured employer was directed to continue payments at the rate of $17.31 per week, and the Fund for Reopened Cases was discharged from any liability under the provisions of section 25-a of the Workmen's Compensation Law. Claimant met with an industrial accident on June 24, 1921, as a result of which it became necessary to amputate both of his legs at a point above his knees. He instituted an action against a third party and obtained a judgment in the sum of $35,000 which was subsequently settled for the sum of $30,000. On December 10, 1923 the then Industrial Board found the claimant to be totally and permanently disabled, and fixed his compensation rate at $17.31 per week. At that time section 29 of the Workmen's Compensation Law gave to the employer or carrier credit for the gross proceeds of a third-party recovery without any deductions for expenses, and hence under the foregoing figures the referee, in 1923, indicated that the $30,000 settlement would pay

compensation for about 33 years. The case was marked closed but the claimant was notified that if he survived the foregoing period he might apply for further compensation. On June 8, 1953 claimant applied to the Board to reopen his case in connection with a claim for further compensation, and the board restored the case to the calendar for consideration of deficiency compensation under section 29 of the Workmen's Compensation Law. It was then shown that claimant's net recovery from the third-party action, after deducting medical bills and attorneys' fees, was the sum of $17,400. The board credited the self-insured employer with this amount and found that at the rate of $17.31 per week the fund became exhausted on September 28, 1940. It then directed an award for deficiency compensation at the same rate per week beginning September 28, 1940. By express stipulation all issues as to time limitations have been waived, and the only issues presented on appeal are: 1. Whether the award should be made against the self-insured employer, or against the Special Fund under section 25-a of the Workmen's Compensation Law. 2. In the event the employer is held whether a credit should be allowed for the gross recovery or for the net proceeds received from the third-party settlement. By statute the Special Fund is exempted from any liability for deficiency compensation (§ 25-a, subd. 8). The appellant employer argues here that the award appealed from was not deficiency compensation. It asserts, perhaps with some justification, that the Industrial Board in 1923 should have computed the value of the compensation claim by the use of mortality tables to determine whether a deficiency or surplus existed. Undoubtedly under the provisions of section 27 of the statute as it then existed, and as an incident of an award, the board could have directed the payment of any deficiency compensation into an Aggregate Trust Fund but it was not required to take this course. As a matter of fact it neither made an award nor did it make any finding as to deficiency compensation. It merely projected the amount of the third-party recovery for the period it might take to exhaust the proceeds thereof based on claimant's prevailing wage rate. While from a practical point of view such a procedure may result in some embarrassment to an employer because he cannot know with any certainty his further liability, and provide a reserve therefor, nevertheless we think it was within the power of the board to adopt such a practice. The case which appellant cites in support of its position (*Matter of Craven* v. *Andrews*, 283 App. Div. 345) is dissimilar on the facts. As to the second issue, whether a credit should be allowed for the gross or net recovery from the third-party action this court is committed to a view contrary to that urged by the appellant. It has been held that the amendment to section 29 of the Workmen's Compensation Law in 1937, which provided for the deduction of expenses in connection with a third-party recovery, was procedural only, and therefore had application to cases where the injury occurred before the effective date of the amendment (*Matter of Fitzgerald* v. *Crimmins Contr. Co.*, 266 App. Div. 932). Decision and award affirmed, with one bill of costs to be divided between the Workmen's Compensation Board and the respondent claimant. Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ., concur.