In the Matter of the Claim of ALFRED J. SCHRECKINGER, Respondent, against YORK DISTRIBUTORS, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 10, 1959.

*Joseph R. Walsh* for appellants.

*Phillips & Kalb* (*Charles P. Phillips* of counsel), for claimant-respondent

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

*John M. Cullen* for Special Fund for Reopened Cases, respondent.

FOSTER, P. J. This is an appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board which held in effect that liability for an industrial accident should be assessed against appellants, and discharged the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law.

Claimant suffered a sprain to his right knee and ankle as the result of an industrial accident. In treating these injuries the attending physician gave claimant a series of gold injections. As an aftermath of this treatment claimant developed jaundice and an enlargement of the liver. He was hospitalized and laboratory tests confirmed a diagnosis of toxic hepatitis due to gold, with permanent liver damage.

He filed a claim for compensation which was closed pending the outcome of a third-party action in which he had sued his attending physician for malpractice. This action was tried and resulted in a verdict of no cause of action for the defendant. An appeal was taken to the Appellate Division (*Schreckinger* v. *Bernstein,* 286 App. Div. 1095), which affirmed the judgment, and motion for leave to appeal was denied by the Court of Appeals (309 N. Y. 1034).

The compensation claim was then reopened. The Referee found advance payments of compensation made by the employer on a drawing account within the three-year period and accordingly discharged the Special Fund from liability. The board affirmed the Referee's decision so far as the result was concerned, but upon a different theory. It found that no advance payments of compensation were made, but that the action for malpractice was a third-party action and the claim therefore was for

deficiency compensation, a liability of the carrier. The statute, section 25-a of the Workmen's Compensation Law, specifically provides (subd. 8) that its provisions shall not apply to awards for deficiency compensation.

Section 29 of the statute provides that an injured employee may take compensation and still pursue his remedy against a third party for negligence. He is no longer required to elect. The same section provides that in such a situation the insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against the third party actually collected and the compensation provided or estimated. It has been authoritatively held that a malpractice action by a claimant against a physician is a common-law remedy within the meaning of section 29 (*Matter of Parchefsky* v. *Kroll Bros.*, 267 N. Y. 410).

It is the appellants' argument that the statute and case cited does not apply because claimant was unsuccessful in his third-party action; that since the courts declared the attending physician was not guilty of malpractice claimant had no third-party action, and it was only his opinion that he had such a remedy. We think this argument is fallacious. Every negligence case is somewhat of a gamble, but the statute does not require success in order that one pursuing a remedy may come within its terms. Moreover the claimant in pursuing his remedy was not only acting for himself but also for the benefit of the carrier, for if claimant succeeded the carrier would have profited thereby. It should also be pointed out that if the Special Fund were held to be liable an award could not be retroactive for a period of more than two years immediately preceding the application to reopen (§ 25-a, subd. 1). That would result in a gross injustice in this case for the original injury was sustained October 29, 1946, and the time consumed by litigation brought the reopening date to November 16, 1955. It is difficult to believe that the Legislature contemplated such an injustice. In addition, to adopt the carrier's interpretation of the statute would create an artificial distinction between a claimant who lost a third-party action and one who succeeded in recovering a money judgment, no matter how small.

We think a reasonable and logical interpretation of deficiency compensation within the legislative intent is the difference between the amount actually collected from a third party and the benefits to which he is entitled under the Workmen's Compensation Law. There are cases which support this interpretation (*Matter of Lewis* v. *Maujer Wet Wash Laundry*, 217 App. Div. 809; *Matter of Sadofsky* v. *Nouveaute Co.*, 218 App. Div.

806; *Matter of Breitel* v. *Hinderstein,* 236 App. Div. 203, affd. 261 N. Y. 556). In the case last cited an action was discontinued without the consent of the carrier, and the court held the carrier was prejudiced, and since there was no judgment on the merits there could be no award for a deficiency. Reasoning conversely if there had been a judgment either way then it would have been possible to fix a deficiency. Other cases cited by appellants are not in point or distinguishable on the facts.

The award and decision should be affirmed.

BERGAN, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Decision and award affirmed, with costs to the Special Fund for Reopened Cases.