■ In the Matter of the Claim of MORRIS LEONESCU, Respondent, v. STAR LIQUOR DEALERS, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— MEMORANDUM BY THE COURT. Three employers and their respective carriers appeal from a decision of the Workmen's Compensation Board dated March 20, 1963. The Referee's closing of the case on April 6, 1961 was demonstrated to have been a clear mistake, in the light of the current, uncontroverted medical reports, of claimant's absence at the hearing because of illness, of counsel's unfamiliarity with the file and of the denial of a requested adjournment. Hence it was proper for the board, instead of approving the Referee's subsequent reopening and his discharge of the appellant carriers and consequent imposition of liability upon respondent Special Fund, to rescind the closing, thus restoring the parties to their status at the time of its occurrence, when all three carriers remained liable. (*Matter of Parella* v. *Harrod Steel Erection Co.*, 19 A D 2d 451, 453, mot. for lv. to app. den. 13 N Y 2d 600; *Matter of Stimburis* v. *Leviton Mfg. Co.*, 5 N Y 2d 360.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur; Herlihy, J., dissents and votes to reverse and remit in a memorandum. This appeal makes it necessary to review what the courts have heretofore decided and what the effect of the present decision will be. The present issue is, in my opinion, one of first impression. The majority decision herein ignores the requirement of section 123 of the Workmen's Compensation Law in regard to closed · cases where more than 18 years have passed since the time of the accident and more than 8 years since the date of the last payment of compensation. Said section 123, among other things, provides as follows: "Nor shall any award of compensation * * * be made * * * against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation." Section 123 also provides that in cases such as the instant ones, there shall be no reopening after a lapse of seven years from the date of the accident. The present appeal

involves three separate accidents which occurred in the years 1939, 1941 and 1946. The Referee closed all three cases on April 6, 1961. On November 9, 1961 a medical report in support of reopening was filed and thereafter the cases were restored to a Referee's calendar on January 4, 1962. As the result of subsequent proceedings, the board became aware that the closing of the cases on April 6, 1961 was erroneous in view of claimant's request for an adjournment and his alleged illness and the board on March 20, 1963 rescinded the April 6, 1961 closing and continued the cases to the Referee's calendar, holding all three carriers still liable. The time element involved may be shown best as follows:

| Case | 18 years | 8 years Payment of compensation | 7 years | 3 years Payment of compensation | April 6, 1961 | Nov. 9, 1961 |
|------|----------|-------------------|---------|-------------------|---------------|---------------|
| 1939 | 1957 | 1960 | 1946 | 1955 | Closed | Reopened |
| 1941 | 1959 | June 1961 | 1948 | June 1956 | Closed | Reopened |
| 1946 | 1964 | Jan. 1961 | 1954 | Jan. 1956 | Closed | Reopened |

What the board has done is to make everything retroactive to April 6, 1961 and in effect is treating this matter as if it had been determined on an appeal from the April 6, 1961 decision of the Referee. The fact is that the claimant, represented by counsel, took no appeal from the April 6, 1961 determination and such appeals must be taken within 30 days pursuant to section 23 of the Workmen's Compensation Law. However, section 23 provides that "Nothing herein contained shall be construed to inhibit the continuing jurisdiction of the board as provided in section one hundred twenty-three of this chapter." *Matter of Estreicher* v. *Raid Force Amusement Corp.* (4 A D 2d 713, app. dsmd. 3 N Y 2d 922) characterizes a reopening as a rescission of a Referee's error, but it appears that the board's action was within 30 days from the Referee's decision, so the decision never became final. *Matter of Standish* v. *Walter B. Cooke, Inc.* (9 A D 2d 817) establishes that a reopening based upon medical bills is not a rescission or modification of a decision where the only purpose is to pay new bills. In *Matter of Wohlsen* v. *New Rochelle Coal & Lbr. Co.* (14 A D 2d 661) this court ruled that contemplation of future payments does not change the finality of a Referee's closing. In *Matter of Stimburis* v. *Leviton Mfg. Co.* (5 N Y 2d 360) the Court of Appeals reversed a decision of this court based on the seven-year limitation in section 123 of the Workmen's Compensation Law. This was reversed on the theory that the board has the right to correct its own patent errors and to relate the correction back to the original time of error, all in the interests of justice, where there was originally an application to reopen made prior to the running of the seven-year period. In *Matter of Youngelman* v. *City of New York* (10 A D 2d 173, app. dsmd. 9 N Y 2d 905) this court held that the 18-year and 8-year time limitations for reopening cases would preclude an *award* for medical benefits and also stated that compensation payments would be barred. *Matter of Parella* v. *Harrod Steel Erection Co.* (19 A D 2d 451) relied upon by the majority, only goes to the question of the power of the board to reopen or reverse, which is not the basic question here involved. A review of the cases as set forth above does not indicate that it has ever been held that the stautory limitations could be ignored. The most that has been done is to allow the board to correct an erroneous denial of an application to reopen which was timely filed. In the present case there has not been an erroneous denial of an application to reopen and any loss of compensation which the claimant may suffer results *solely* from his failure to take an appeal from the erroneous decision of the Referee. It would appear that Special Funds would be liable as to the 1946 accident since 18 years had not passed as of the

time of the application for reopening (see chart). However, as to the other two accidents, more than 18 years had passed since the accident and more than 8 years since the payment of compensation and so there would be no liability for those accidents as to compensation. I would reverse and remit to the Workmen's Compensation Board for further consideration of the possible liability of Special Funds.