■ In the Matter of the Claim of FRANK J. GANTZ, Respondent, v. WALLACE & TIERNAN LUCIDOL DIVISION et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the Special Fund for Reopened Cases from a decision of the Workmen's Compensation Board, filed December 14, 1971, which imposed liability upon Special Fund under section 25-a of the Workmen's Compensation Law. Claimant was injured in 1956 when his automobile was struck by a train. A compensation claim was filed and it was found that claimant had suffered a compensable accident arising out of and in the course of his employment. Compensation was paid during intermittent periods until mid-1961. At a hearing on September 19, 1962, it was disclosed that claimant had a third-party action

pending against the railroad. The Referee therefore closed the case "pending the outcome of the third party action." Claimant was nonsuited in that action in November, 1964 from which he did not appeal. After surgery in 1965, 1966 and 1968, he applied in May, 1970 to have his case reopened. Upon restoral, the carrier contended before the board that liability should be imposed upon Special Fund under section 25-a, since more than seven years had passed since the injury and more than three years had passed since the last payment of compensation. The board agreed, finding that claimant's "application for compensation in 1970 was not an application for deficiency compensation but rather was for compensation for disability." On this appeal Special Fund contends that there was no true closing and that the claim is one for deficiency compensation as defined in section 29 of the Workmen's Compensation Law, wherefore the Fund is not liable pursuant to an exception set forth in subdivision 8 of section 25-a. Of course, if there had been no closing, liability could not be shifted to the Special Fund. The finality of a closing of a case is a factual determination which is dependent upon the circumstances of the case (*Matter of Berlinski* v. *Congregation Emmanuel of City of N. Y.*, 29 A D 2d 1036). Here, claimant did not formally seek to reopen his case until almost six years after the outcome of his third-party action had been determined. In such circumstances, the board could reasonably infer that no further proceedings were contemplated after the passage of a reasonable period of time subsequent to the end of the third-party action (*Matter of Scalesse* v. *Printing Adv. Corp., Enterprises Print. Div.*, 30 N Y 2d 234). *Matter of Schreckinger* v. *York Distrs.* (9 A D 2d 333), relied on by the appellant, is distinguishable. There, the claimant filed to reopen contemporaneously with the termination of his third-party action, and we merely held that the claim could still be considered as one for deficiency compensation even though the third-party action was unsuccessful. This holding was in keeping with the spirit and purpose of the statutes involved, which is to keep the carrier on the risk where a claim is postponed due to third-party litigation, since success in such litigation will of course redound to the carrier's benefit. However, nothing in our decision in *Schreckinger* altered the basic operation of section 25-a, the purpose of which is to impose on the Special Fund the liability for truly "stale" claims. By indicating in *Schreckinger* that the carrier would remain on the risk in appropriate circumstances, we certainly did not imply that the Special Fund would be permanently relieved of liability in every case where the claimant had sought a third-party remedy. Here, any deficiency which might have existed within the meaning of *Schreckinger* could have been found to exist at the conclusion of claimant's litigation in 1964. However, no action was taken until 1970, and upon such facts the board might have properly found that the claim was for a new disability which had arisen subsequent to the litigation, although causally related to a "stale" accident, rather than a claim which had merely been postponed pending determination of the amount of any deficiency resulting from litigation. Having thus set forth a number of grounds upon which the board might have found that the case had been truly closed in 1964 and that the claim filed in 1970 was, therefore, not one for deficiency, we are constrained on the record before us to note that the board did not explicitly set forth its factual findings in support of the conclusion that there had been a closing. While we will ordinarily approve factual findings which are implicit in the board's decision, we feel that the record in this case has not been fully developed so as to permit intelligent review of the question of whether such factual findings would have the support of substantial evidence. We note the taking of claimant's testimony on the question of lost time, and statements by counsel referring to

unpaid hospital bills in an unspecified amount. Since an award against the Special Fund could only be retroactive for a period of two years prior to the application to reopen (Workmen's Compensation Law, § 25-a, subd. 1), it would be incumbent upon the board to make factual findings as to how much, if anything, claimant might stand to lose, since prejudice to the claimant is a factor which is to be taken into consideration in determining whether a case was intended to be closed (see *Matter of Berlinski* v. *Congregation Emmanuel of City of N. Y., supra*, p. 1037). If, after further proceedings the board should find that there was a closing and that liability is to pass to the Special Fund, the board should consider whether any of the correspondence in 1966 concerning payment of claimant's medical bills could have been treated as an application to reopen at that time. Decision withheld, and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Main, JJ., concur.