■ In the Matter of the Claim of ANGELO TRITTO, Respondent, v LASALA CONSTRUCTION COMPANY, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from that portion of a decision of the Workers' Compensation Board, filed March 13, 1979, which held that the Special Fund for Reopened Cases has no liability on this claim. While working for the employer herein on October 14, 1966, claimant sustained an accident which the board determined to be compensable in a notice of decision filed on March 13, 1968. In this notice of decision, the board further ruled that claimant's disability was less than the waiting period, and the case was closed pending the outcome of a third-party action. The third-party action was thereafter settled for $3,600, and on August 27, 1970 a hearing was held at which the attorney for appellants informed the Referee that the settlement had occurred with the carrier's consent, that the carrier's lien had been fully satisfied and that there was no evidence of any deficiency compensation. As a consequence, the board held, in a notice of decision filed September 1, 1970, that the case was closed and the third-party action had been settled with consent. With these circumstances prevailing, the board reopened the case on February 19, 1976 and ultimately ruled, in a notice of decision filed on March 13, 1979, that the Special Fund for Reopened Cases has no liability in this matter. From this latter ruling, the employer and its carrier now appeal. We hold that the challenged ruling of the board should be reversed. Pursuant to subdivision 1 of section 25-a of the Workers' Compensation Law, the Special Fund is liable for any award resulting when an application therefor is made after a lapse of seven years from the date of injury and the claim for compensation has been previously disposed of without an award being made. Here, that the requisite seven-year lapse occurred is uncontested, and the matter was disposed of without an award by the notice of decision filed September 1, 1970 and cited above. Under these circumstances, the requirements for establishing Special Fund liability have obviously been met, and the purpose of the statute would plainly be frustrated should the carrier be made to bear the risk of the instant claim which occurred beyond the seven-year statutory period (cf. *Matter of Dennett v Dennett Refrig. Equip.,* 38 AD2d 659; *Matter of Craven v Andrews,* 283 App Div 345). Moreover, nothing in subdivision 8 of section 25-a of the Workers' Compensation Law, relating to awards for deficiency compensation, mandates a contrary result. Decision modified, by reversing so much thereof as holds that the Special Fund for Reopened Cases is not liable on this claim, and matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, with costs to the employer and its insurance carrier against the Special Fund for Reopened Cases. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.