■ In the Matter of the Claim of THOMAS J. JANSCH, Appellant, v SAGAMORE CHILDREN'S FUND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [756 NYS2d 326] —Peters, J. Appeal from a decision of the Worker's Compensation Board, filed January 17, 2002, which, inter alia, ruled that the Special Fund Conservation Committee is liable for payment of claimant's compensation award.

In October 1980, claimant sustained a work-related injury to his right eye and filed a claim for workers' compensation benefits. After several hearings before a Workers' Compensa-

tion Law Judge (hereinafter WCLJ), it was ultimately found that plaintiff had suffered a 100% loss of vision in such eye. Additional evidence revealed that claimant was legally blind in the left eye prior to such accident. By decision filed July 28, 1987, claimant was awarded workers' compensation benefits and the Special Fund Conservation Committee (hereinafter Special Fund) was found liable pursuant to the provisions of Workers' Compensation Law § 15 (8) (d). An additional hearing was held on June 13, 1989 with respect to the workers' compensation carrier's reimbursement and the payment of claimant's award and, by decision filed June 16, 1989, the WCLJ ruled the case closed.

In April 1998, claimant filed an application to reopen, contending that the prior finding was erroneous in that he should have been found permanently and totally disabled pursuant to Workers' Compensation Law § 15 (8) (c) as a matter of law, thereby entitling him to greater benefits. By decision filed April 9, 2001, a WCLJ agreed because claimant was legally blind in his left eye prior to the accident that resulted in 100% loss of vision in his right eye. With all parties having had a joint obligation in the prior proceeding to see that claimant received all that he was entitled to as a matter of law, and no claim that current evidence was not previously available, the WCLJ concluded, in the interest of justice, that claimant should now be granted the full award that he should have received had the prior award not been erroneously decided.

The Special Fund appealed to the Workers' Compensation Board, as did the carrier, and, by decision filed January 17, 2002, a panel of the Board affirmed the WCLJ's reclassification of claimant's disability pursuant to Workers' Compensation Law § 15 (8) (c), but found that the additional benefits were payable by the Special Fund pursuant to Workers' Compensation Law § 25-a as there had been a "true closing" of the case on June 16, 1989. Since the Board's determination that Workers' Compensation Law § 25-a limits claimant's additional award to the two years prior to his April 1998 application, claimant appeals.

The purpose of Workers' Compensation Law § 25-a "is to impose on the Special Fund the liability for truly 'stale' claims" (*Matter of Gantz v Wallace & Tiernan Lucidol Div.*, 41 AD2d 991, 992) when seven years have lapsed since the date of the claimant's injury and three years have lapsed since the claimant was last compensated (*see* Workers' Compensation Law § 25-a [1]; *Matter of Davis v Madden Constr. Co.*, 295 AD2d 826, 827). Much has been written concerning the issue of

whether a case is "closed" for the purposes of shifting liability to the Special Fund (*see Matter of Andrus v Purolator Prods.*, 301 AD2d 762, 763-764; *Matter of Davis v Madden Constr. Co.*, *supra* at 827-828; *Matter of Pegoraro v Tessy Plastics Corp.*, 287 AD2d 909, 910, *lv dismissed, lv denied* 98 NY2d 669; *Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811, 811; *Matter of Gantz v Wallace & Tiernan Lucidol Div.*, *supra* at 993)—a factual determination to be determined by the Board and upheld if supported by substantial evidence (*see Matter of McGarry v Catapano & Grow Constr. Co.*, 44 NY2d 946, 947).

While we agree with the Board's determination that this case should have been decided under Workers' Compensation Law § 15 (8) (c) and that it may exercise its authority to rescind former findings (*see* Workers' Compensation Law § 123; *Matter of Spaminato v Bay Transp. Corp.*, 32 AD2d 345, 346-347) or " "* * * modify a decision as to reach a different result upon the same record' " (*Matter of Spaminato v Bay Transp. Corp.*, *supra* at 347, quoting *Matter of McSweeney v Hammerlund Mfg. Co.*, 275 App Div 447, 449), despite claimant's failure to take an appeal from the final order (*see Matter of Stimburis v Leviton Mfg. Co.*, 5 NY2d 360, 366-367; *Matter of Spaminato v Bay Transp. Corp.*, *supra* at 347), the pivotal issue is whether Workers' Compensation Law § 25-a is applicable. Typically, "[t]he passage of time [will be] the sole criterion" (*Matter of Andrus v Purolator Prods.*, *supra* at 763). While numerous factual scenarios have prompted a reconsideration of what will constitute a "true closing" to see whether the claim falls outside the limitations of Workers' Compensation Law § 25-a (*see Matter of Pegoraro v Tessy Plastics Corp.*, *supra* at 910; *Matter of Knapp v Empire Aluminum Indus.*, *supra* at 811; *Matter of Gantz v Wallace & Tiernan Lucidol Div.*, *supra* at 992), such determination will typically depend "upon whether further proceedings [were] contemplated at the time of the closing" (*Matter of Knapp v Empire Aluminum Indus.*, *supra* at 811). If such closing can be discerned and there is no prejudice to the claimant, "there is no need to thwart the obvious intent of the Legislature to transfer liability for stale claims to the Special Fund" (*Matter of Berlinski v Congregation Emanuel of City of N.Y.*, 29 AD2d 1036, 1037). However, where, as here, there will be a substantial curtailment of payment if the claim is considered under Workers' Compensation Law § 25-a, it is "incumbent upon the [B]oard to make factual findings as to how much, if anything, claimant might stand to lose, since prejudice to the claimant is a factor which is to be taken into consideration in determining whether a case was intended to be closed" (*Matter of Gantz v Wallace & Tiernan Lucidol Div.*, *supra* at 993).

While we agree that the language of the June 16, 1989 decision certainly supports the determination that no further proceedings were contemplated and that "the subsequent filing of a stale 'initial' claim [has been considered] the equivalent to a reopening of the case" (*Matter of Loiacono v Sears Roebuck & Co.*, 230 AD2d 351, 353), when the basis for that prior award is found to have been erroneous as a matter of law, the issue of "closing" is more tenuous.* With the difference in the recoverable award reaching almost a decade of compensation, the Board, in our view, was obligated to assess the prejudice which would have enured to this claimant if the case were "closed" for the purpose of shifting liability pursuant to Workers' Compensation Law § 25-a. Having failed to make such assessment, the decision must be reversed.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

---

* There is authority for a finding that the earlier decision may be considered to have been rescinded so that the parties could be restored to the same position as they were as of the time of the original injury (*see Matter of Leonescu v Star Liq. Dealers*, 25 AD2d 932, *affd* 20 NY2d 956; *see generally Matter of Stimburis v Leviton Mfg. Co.*, 5 NY2d 360, 367, *supra*).