In the Matter of the Claim of Rosa Belleville, Respondent, v Madame Pirie's, Inc., et al., Respondents, and Special Fund for Reopened Cases, Appellant. Workers' Compensation Board, Respondent. [814 NYS2d 305]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 6, 2004, which directed that an award of workers' compensation benefits in favor of claimant be paid by the Special Fund for Reopened Cases.

Claimant sustained a work-related back injury in 1991 and thereafter began receiving workers' compensation benefits. Claimant also pursued a third-party personal injury action which was settled for $75,000 in October 1994. In March 1997, a workers' compensation law judge (hereinafter WCLJ) made awards for reduced earnings covering the period of July 31, 1991 to October 15, 1994, and directed the workers' compensation carrier to reimburse claimant for medical and transportation expenses. In October 1998, a WCLJ acknowledged the settlement of the third-party action, made a finding of no compensable lost time from October 15, 1994 to April 22, 1998, determined that there was no present deficiency for compensation payments, and closed the case.

In 2004, upon the assertion of a possible new causally connected injury, a WCLJ reopened the case, found no compensable lost time from April 22, 1998 to July 21, 2004, authorized medical treatment, and directed that the Special Fund for Reopened Cases was responsible for the case. The Workers' Compensation Board affirmed the WCLJ's decision, reasoning that the prohibition on transfer of liability to the Special Fund contained in Workers' Compensation Law § 25-a (8) did not apply because the time periods specified in that statute were met solely due to the passage of time without payment of compensation in a closed case. The Special Fund appeals and we now affirm.

Generally, when a compensation case is reopened more than seven years from the date of the underlying injury and three

years following the last payment of compensation, liability for the claim shifts from the employer to the Special Fund (*see* Workers' Compensation Law § 25-a; *Matter of Natale v New York City Dept. of Correction,* 17 AD3d 877, 879 [2005]; *Matter of Loiacono v Sears, Roebuck & Co.,* 230 AD2d 351, 353 [1997]). A prohibition against such a transfer of liability, however, occurs when an award for deficiency compensation is made in accordance with Workers' Compensation Law § 29 (4) (*see* Workers' Compensation Law § 25-a [8]). Here, the record establishes that the case was closed in October 1998 and the requisite seven-year and three-year time periods had elapsed upon reopening. Moreover, when this case was reopened, claimant made no application for deficiency compensation, nor was any such award ordered. Instead, claimant sought to have the issue of her new injury's causal relationship determined and did not object to the findings of no compensable lost time from October 15, 1994 to July 21, 2004. Accordingly, we find that substantial evidence supports the Board's decision shifting liability to the Special Fund (*see Matter of Tritto v Lasala Constr. Co.,* 77 AD2d 753, 753 [1980]; *Matter of Gantz v Wallace & Tiernan Lucidol Div.,* 41 AD2d 991, 992 [1973]; *Matter of Craven v Andrews,* 283 App Div 345, 348 [1954]; *cf. Matter of Manning v Niagara Mohawk Power Corp.,* 119 AD2d 947, 947 [1986], *lv denied* 68 NY2d 609 [1986]). The Special Fund's remaining arguments are either academic or have been examined and determined to be unavailing.

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.