■ In the Matter of the Claim of MAUREEN KUSY, Respondent, v SOUTH ORANGETOWN CENTRAL SCHOOL DISTRICT et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [825 NYS2d 786]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed April 21, 2005, which ruled that liability did not shift to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant was injured in a work-related automobile accident on March 13, 1985 and thereafter began receiving workers' compensation benefits. Claimant also settled a personal injury action with the consent of the State Insurance Fund (hereinafter SIF), the employer's workers' compensation carrier, which resulted in a net recovery for her of $3,000. By notice of decision dated July 25, 1991, SIF was directed to pay claimant, less the $3,000 credit it was entitled to as a result of her third-party settlement, a weekly reduced earnings rate of $60 for the time

period between February 27, 1987 and March 1, 1990 and the case was closed. Four days later, SIF filed a C-8 form, wherein it indicated that it had applied a credit to claimant's award. In 1995, following a request by claimant that her claim be reopened, and the subsequent notice of decision that authorized SIF to pay claimant's causally related medical expenses but also determined that she had not suffered any additional compensable lost time, SIF filed another C-8 form, this time specifically acknowledging that $3,000 had been deducted from claimant's total award.

Claimant, seeking payment for medical expenses, requested that her case be reopened again in 2003. SIF, asserting that Workers' Compensation Law § 25-a was applicable inasmuch as the requisite periods of time had passed, attempted to shift liability for the claim to the Special Fund for Reopened Cases. The Special Fund, however, disputed that assertion, contending that the claim was solely for deficiency compensation and was thus excepted from the general applicability of Workers' Compensation Law § 25-a (see Workers' Compensation Law § 25-a [8]). A Workers' Compensation Law Judge concluded that, because claimant's third-party recovery was insufficient to cover her medical expenses, she was, indeed, seeking deficiency compensation and removed the Special Fund from notice. The Workers' Compensation Board affirmed that decision, reasoning that SIF had "applied its credit against awards that were not in lieu of first party benefits [and] any awards payable after the $3,000 credit was exhausted constitute a deficiency compensation." SIF and the employer now appeal that determination, maintaining that medical treatment does not constitute deficiency compensation and that, because claimant's medical and compensatory benefits had yet to exceed $50,000, SIF was not entitled to take credit against claimant's third-party recovery.

We affirm. Although liability for a workers' compensation claim generally shifts from the employer to the Special Fund when a case is reopened more than seven years from the underlying injury and three years after the last payment of compensation, the transfer of such liability is precluded "when an award for deficiency compensation is made in accordance with Workers' Compensation Law § 29 (4)" (*Matter of Belleville v Madame Pirie's, Inc.*, 28 AD3d 977, 977-978 [2006]; *see* Workers' Compensation Law § 25-a [8]). That statute authorizes a carrier to "offset future payments of compensation benefits against proceeds received by an injured employee from a third-party action," with the limitation that such an offset be inapplicable to payments made to a claimant as reimbursement for

"basic economic loss" as that term is defined in Insurance Law § 5102 (*Matter of Figelman v Goldfarb*, 257 AD2d 721, 722 [1999], *lv denied* 94 NY2d 753 [1999]). Notwithstanding SIF's allusion to the $50,000 threshold typically associated with "basic economic loss," as pertinent here, that term alternatively involves a "[l]oss of earnings from work which the person would have performed had [she] not been injured . . . for not more than three years from the date of the accident" (Insurance Law § 5102 [a] [2]; *see Matter of Brisson v County of Onondaga*, 6 NY3d 273, 278 [2006]; *Matter of Johnson v Buffalo & Erie County Private Indus. Council*, 84 NY2d 13, 18 [1994]).

Here, it is undisputed that SIF made awards to claimant for compensable lost time beyond three years from the date of her accident. Inasmuch as such payment cannot be characterized as "basic economic loss," SIF was not precluded from exercising its credit against it (*see Matter of Fellner v Country Wide Ins.*, 95 AD2d 106, 110 [1983]) and, indeed, the record reflects that SIF did so. Thus, any additional award owed to claimant, inclusive of medical expenses, represents deficiency compensation, i.e., "the difference between the amount actually received by claimant in the third-party action and the benefits [she] is entitled to under the Workers' Compensation Law" (*Matter of Manning v Niagara Mohawk Power Corp.*, 119 AD2d 947, 947 [1986], *lv denied* 68 NY2d 609 [1986]).

We note finally that the cases cited by SIF and the employer as support for their assertions all lack indicia that the carrier's credit had been exhausted prior to the claim's reopening; hence, the amount of deficiency compensation, if any, was not calculable.

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.