■ In the Matter of the Claim of MENKA SIDOROVSKI, Claimant, v NEW VENTURE GEAR et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [853 NYS2d 731]—

Carpinello, J.

In 1986, claimant sustained work-related injuries. In 1992, during the pendency of her workers' compensation claim, she settled a third-party action from which she received $82,790 in net proceeds. Pursuant to a stipulation between claimant and her self-insured employer, she was subsequently found to have suffered a permanent partial disability and received a $42,390 schedule loss of use award. By decision dated December 27, 1993, her case was marked "closed." Notably, at this juncture, there was no deficiency between the benefits then awarded and

the third-party settlement because the total amount of the compensation award was less than the settlement proceeds (*see* Workers' Compensation Law § 29 [1], [4]; *see also* Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 29, at 199). There were no further proceedings nor payments of compensation until claimant's case was reopened in 2003 when her physician recommended further medical treatment causally related to the original injuries. By decision dated May 8, 2006, the Workers' Compensation Board ultimately ruled that Workers' Compensation Law § 25-a was applicable to this case and shifted liability for further awards from the employer to the Special Fund for Reopened Cases. This appeal ensued, and we now affirm.

As a general rule, liability for reopened cases shifts to the Special Fund where, as here, seven years has passed from the date of injury and three years has elapsed from the date of last payment (*see* Workers' Compensation Law § 25-a [1]). However, Workers' Compensation Law § 25-a (8) prohibits such a transfer of liability when an award "for deficiency compensation" is made in accordance with Workers' Compensation Law § 29 (4) (Workers' Compensation Law § 25-a [8]; *see Matter of Kusy v South Orangetown Cent. School Dist.*, 34 AD3d 973, 974 [2006]). Deficiency compensation is defined as the difference, if any, between the amount a claimant actually collects from a third-party action and the benefits which he or she is entitled to receive under the Workers' Compensation Law (*see* Workers' Compensation Law § 29 [4]; *Matter of Kusy v South Orangetown Cent. School Dist., supra*).

The Special Fund first contends that liability for claimant's case cannot be transferred to it because her case was never truly closed in 1993. To be sure, this issue was a question of fact for the Board to resolve and turned on whether further proceedings were contemplated (*see e.g. Matter of Mackey v Murray Roofing*, 24 AD3d 1149, 1150 [2005]; *Matter of Knapp v Empire Aluminum Indus.*, 256 AD2d 811, 811 [1998]). Here, it is clear that claimant's case was truly closed as neither further medical treatment nor additional payment of compensation was contemplated by any involved party at that time. Accordingly, substantial evidence supports the Board's finding of closure (*see id.*).

As to the Special Fund's further contention that Workers' Compensation Law § 25-a (8) precludes the shifting of liability in this case, this Court recently rejected a similar argument and we do so again here (*see Matter of Belleville v Madame Pirie's, Inc.*, 28 AD3d 977, 978 [2006], *lv denied* 7 NY3d 717 [2006]). In short, inasmuch as claimant's third-party settlement played no

part in the expiration of the time periods necessary to shift liability to the Special Fund, the Board's finding that Workers' Compensation Law § 25-a (8) is inapplicable is supported by substantial evidence (*see id.*).

Mercure, J.P., Peters, Rose and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.