■ In the Matter of the Claim of JOSEPH BARBERIE, Claimant, v HELMSLEY SPEAR COMPANY et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [858 NYS2d 469]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed August 28, 2006, which directed that the award of workers' compensation benefits be paid by the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

In 1996, claimant was classified as having sustained a permanent, partial disability, which was apportioned 55% to a work-related 1992 injury and 45% to a 1989 claim. He was awarded compensation from August 1992 through January 1997. Claimant also pursued a third-party personal injury action, which resulted in a net settlement of $23,500 in August 1994. The workers' compensation carrier responsible for the 1992 injury took a credit for the third-party recovery and, when the credit was exhausted, awards resumed and were ongoing at a rate of $200 per week through July 2000. The case was closed in 2001, subsequently reopened for reinstatement of certain awards, and closed again in October 2002. The parties do not dispute that the case was truly closed at that time and that the last payment of compensation was made in January 2002.

Claimant suffered a new work-related injury in December 2000, and awards were directed in that case beginning in July 2003. There was a finding of no compensable lost time from December 2000 until July 2003. The 1992 case remained closed until 2005, when a hearing was held to apportion disability among claimant's various injuries and the Workers' Compensation Board ordered that the prior 1989 and 1992 cases be reopened. The carrier in the 1992 case then asserted that Workers' Compensation Law § 25-a applies such that liability should be shifted to the Special Fund for Reopened Cases. A Workers' Compensation Law Judge declined to transfer liability. Upon the carrier's administrative appeal, the Board reversed, concluding that the prohibition in Workers' Compensation Law § 25-a (8) on transfer of liability to the Special Fund did not apply because more than seven years had passed since the date of the accident and, solely due to the fact that claimant had been working and not losing wages, more than three years had passed after the last payment of compensation benefits. The Special Fund appeals, and we now affirm.

Generally, liability shifts to the Special Fund when a workers' compensation case that was fully closed is reopened more than seven years after the underlying injury was sustained and more than three years after the last payment of compensation (*see* Workers' Compensation Law § 25-a [1]; *Matter of Stanford v Lewis County Opportunities*, 33 AD3d 1098, 1099 n [2006]). Such transfer of liability is prohibited, however, when an

"award[ ] for deficiency compensation [is] made pursuant to" Workers' Compensation Law § 29 (4) (Workers' Compensation Law § 25-a [8]; *see Matter of Sidorovski v New Venture Gear*, 49 AD3d 1096, 1097 [2008]). Deficiency compensation is "the difference between the amount actually received by claimant in the third-party action and the benefits he is entitled to under the Workers' Compensation Law" (*Matter of Manning v Niagara Mohawk Power Corp.*, 119 AD2d 947, 947 [1986], *lv denied* 68 NY2d 609 [1986]; *see* Workers' Compensation Law § 29 [4]; *Matter of Kelly v State Ins. Fund*, 60 NY2d 131, 138 [1983]).

Notably, when a claimant recovers proceeds in a third-party action, the "amount of the proceeds which the claimant receives is an offset against future payments of compensation and no future payments will be made until the credit is exhausted"— i.e., until a deficiency arises (Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 29, at 199; *see Matter of Dimaggio v International Chimney Corp.*, 285 App Div 226, 229 [1954]). As such, "[i]n a deficiency case[,] the proceeds of [the third-party] recovery inure . . . to the benefit of the carrier because it relieves the carrier, for a time, from paying regular compensation benefits" (*Matter of Kelly v State Ins. Fund*, 60 NY2d at 139). In recognition of that benefit to the carrier, this Court has long held that "the spirit and purpose of" Workers' Compensation Law §§ 25-a and 29 "is to keep the carrier on the risk where a claim is postponed due to third-party litigation, since success in such litigation will of course redound to the carrier's benefit" (*Matter of Gantz v Wallace & Tiernan Lucidol Div.*, 41 AD2d 991, 992 [1973]). In contrast, "where the award has been made and paid or fully credited and the deficiency had been established and fully reflected in an award or it is established . . . that there is a surplus, and the case closed, there is nothing in the language of these sections read together to show any clear intention to have the carrier remain indefinitely subject to further assessment of compensation on the theory that from time to time the [B]oard may make a further deficiency award or turn a surplus into a deficiency" (*Matter of Craven v Andrews*, 283 App Div 345, 348 [1954]).

Stated differently, when payment of compensation on a claim is postponed due to third-party litigation or settlement, the carrier has notice of the claimant's continuing disability and Workers' Compensation Law § 25-a (8) precludes transfer of liability to the Special Fund when deficiency compensation is sought (*see Matter of Manning v Niagara Mohawk Power Corp.*, 119 AD2d at 947; *Matter of Schreckinger v York Distribs.*, 9 AD2d

333, 335 [1959]; *Matter of McCarthy v Heinz Co.*, 2 AD2d 908, 909 [1956]). When the "third-party settlement played no part in the expiration of the time periods necessary to shift liability to the Special Fund," however, liability will transfer to the Special Fund (*Matter of Sidorovski v New Venture Gear*, 49 AD3d at 1097-1098; *see Matter of Belleville v Madame Pirie's, Inc.*, 28 AD3d 977, 977-978 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Tritto v Lasala Constr. Co.*, 77 AD2d 753 [1980]; *Matter of Gantz v Wallace & Tiernan Lucidol Div.*, 41 AD2d at 992; *Matter of Craven v Andrews*, 283 App Div at 348; *but see Matter of Kusy v South Orangetown Cent. School Dist.*, 34 AD3d 973, 974-975 [2006]).* Here, the injury occurred in 1992. There is no dispute that the case was closed in 2002, that the last payment of compensation to which claimant was entitled was made in January 2002, and that the credit was exhausted—i.e., claimant's entitlement to benefits exceeded the third-party recovery—prior to January 2002 such that the third-party settlement played no part in the subsequent expiration of the time periods set forth in Workers' Compensation Law § 25-a (8). Accordingly, inasmuch as the relevant time periods were satisfied solely as a result of the passage of time without payment in a closed case, the Board's finding that section 25-a (8) is inapplicable is supported by substantial evidence.

Peters, Kane, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Contrary to the Special Fund's argument, this long-standing interpretation of the statute does not limit the applicability of Workers' Compensation Law § 25-a (8) to so few cases as to make it virtually inoperable. Section 25-a (8) would apply, for example, anytime the situation described in *Matter of Kelly v State Ins. Fund* (60 NY2d at 139)—i.e., where the carrier enjoys a temporary holiday due to a third-party settlement—is present.