■ In the Matter of the Claim of CARL GIGLIO, Claimant, v C.I.R. ELECTRICAL et al., Respondents, and SPECIAL FUND FOR

Reopened Cases, Appellant. Workers' Compensation Board, Respondent. [866 NYS2d 412]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed March 14, 2007, which ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

In January 1995, claimant was working when he fell on stairs, causing an injury to his scrotum. As a result of his injury, claimant applied for workers' compensation benefits, was determined to be disabled and received medical treatment and a weekly award for lost time through January 1999. In September 2000, the Workers' Compensation Law Judge (hereinafter WCLJ) found no medical evidence of a further causally related disability, directed claimant to produce prima facie medical evidence of any injury related to his shoulders, arms, neck and back, and marked that "no further action" on the claim was planned. Plaintiff did not seek any additional medical treatment for these injuries until almost four years later in August 2004. Claimant's workers' compensation carrier filed a C-8.1 form (notice of treatment issue/disputed bill issue) dated February 23, 2005, seeking to transfer liability for the payment of this claim to the Special Fund for Reopened Cases under Workers' Compensation Law § 25-a.

At a hearing in September 2005, the WCLJ found that Workers' Compensation Law § 25-a did not apply because there had been unresolved issues regarding injuries to claimant's shoulders, arms, neck and back, and, as such, the claim was not truly closed at the September 2000 hearing. The WCLJ then found that claimant had not sustained any causally related injuries to his shoulders, arms, neck and back, and stated that "after thirty days the carrier can re-apply for [Workers' Compensation Law § 25-a relief] because the issues have been resolved by [this] decision."

At that time, a representative for the Special Fund pointed out that a third-party action may have been brought by claimant in connection with this claim that could affect the applicability of Workers' Compensation Law § 25-a and indicated that she

would investigate whether there was, in fact, a pending third-party action. In November 2005, after further treatment was obtained by claimant, the carrier filed a request for further action, arguing that all issues had been resolved at the September 2005 hearing. A hearing was held in February 2006 and the Special Fund argued at that time that there was no true closure of the case because of the existence of a malpractice action that had been brought against a hospital on claimant's behalf. When no other information about this claim was provided, the WCLJ found that the claim had, in fact, been closed and that Workers' Compensation Law § 25-a applied. The Workers' Compensation Board affirmed the WCLJ's decision, and the Special Fund now appeals.

Because the Board's determination as to the applicability of Workers' Compensation Law § 25-a was supported by substantial evidence (*see Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d 873, 874 [2008]; *Matter of Sidorovski v New Venture Gear*, 49 AD3d 1096, 1098 [2008]), we affirm. Liability for a claim may shift to the Special Fund when the matter is reopened after the passage of seven years from the date of the injury and three years from the date of the last payment of an award (*see* Workers' Compensation Law § 25-a [1]; *Matter of Belleville v Madame Pirie's, Inc.*, 28 AD3d 977, 977-978 [2006], *lv denied* 7 NY3d 717 [2006]). While the requisite time periods that would result in the application of Workers' Compensation Law § 25-a have passed, the question as to whether this claim was truly closed is a factual determination to be made by the Board and is dependent, in part, upon whether, at the time it is claimed to have been closed, further proceedings were contemplated (*see Matter of Casey v Hinkle Iron Works*, 299 NY 382, 385 [1949]; *Matter of Sidorovski v New Venture Gear*, 49 AD3d at 1097-1098).

The Special Fund takes issue with the Board's finding that this case was closed and argues that where a third-party action is pending, there can never be a true closure of such claim. We disagree. Here, there was no award of deficiency compensation that would prohibit the transfer of liability to the Special Fund (*see* Workers' Compensation Law § 25-a [8]; *Matter of Barberie v Helmsley Spear Co.*, 51 AD3d 1289, 1291 [2008]). Moreover, the WCLJ clearly determined that no further proceedings were contemplated and, even though a third-party action was pending, there were no unresolved issues or further action contemplated on this claim (*see Executive Dept. Div. of Parole*, 2007 WL 550522, 2007 NY Wrk Comp LEXIS 443 [2007]; *compare Matter of Giemza v Town of Cambridge*, 45 AD3d 1008 [2007]).

Nor are we persuaded that the Board failed to follow its own precedent in its decision in this matter. While it is true that the Board has previously concluded that there was no true closure of a claim where a third-party action was pending, that decision was primarily based upon the fact that the permanent nature of the claimant's injuries was an unresolved issue and, as a result, further proceedings on the claim were in fact contemplated (*see Oneida County Sheriffs Dept.*, 2007 WL 2923568, 2007 NY Wrk Comp LEXIS 7131 [2007]). Here, the Board's decision carried with it an implicit finding that claimant's injuries were not permanent and, as such, is not at odds with that finding. Accordingly, we see no reason to disturb the Board's decision.

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.