■ In the Matter of the Claim of GARY MARSHALL, Respondent, v ROTH BROTHERS SMELTING CORPORATION et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [866 NYS2d 426]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed April 25, 2007, which transferred liability to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant sustained a work-related injury in July 1995. In 1998, after a hearing, the Workers' Compensation Law Judge found the total value of a schedule loss of use award to be $44,391. Of that total, claimant received the proceeds of a settlement with a third party in the amount of $15,333.33 and a deficiency award of compensation in the amount of $29,082.02 that was paid by the employer's workers' compensation carrier. Claimant withdrew all other claims and the parties do not dispute that the case was truly closed. In January 2006, claimant sought payment for prescription medication for the same injury and his case was reopened. Pursuant to Workers' Compensation Law § 25-a, the Workers' Compensation Board transferred liability for the claim to the Special Fund for Reopened Cases because the statutory time periods had elapsed and claimant's third-party settlement had played no part in their expiration. The Special Fund appeals, arguing that payment of the reopened claim would constitute an award of deficiency compensation for which liability does not shift. We affirm the Board's ruling.

Generally, liability for payment of a workers' compensation claim shifts to the Special Fund when a fully closed case is reopened after a "lapse of seven years from the date of the injury" and "three years from the date of the last payment of compensation" (Workers' Compensation Law § 25-a [1]). No such transfer occurs, however, when "awards for deficiency compensation [are] made pursuant to section twenty-nine of this chapter" (Workers' Compensation Law § 25-a [8]; *see Matter of Sidorovski v New Venture Gear*, 49 AD3d 1096, 1097 [2008]).

While the term "deficiency" refers to the amount of compensation to which a claimant is entitled after deducting the carrier's credit for the net amount of any third-party recovery (Workers' Compensation Law § 29 [4]; *see Matter of Kelly v State Ins. Fund*, 60 NY2d 131, 138-139 [1983]), and it "includes medical [and prescription] expenses as well as weekly benefits" (*Matter of Manning v Niagara Mohawk Power Corp.*, 119 AD2d

947, 947 [1986], *lv denied* 68 NY2d 609 [1986]),\* we have made clear that the phrase "awards for deficiency compensation" in Workers' Compensation Law § 25-a (8) has a distinctly different meaning. Because it was the delays in the calculation and payment of awards in deficiency cases which led.to the exception of "awards for deficiency compensation" from the general transfer provisions of section 25-a (*see Matter of Craven v Andrews*, 283 App Div 345, 348 [1954]), we have long held that the exception applies only when the calculation and/or payment of the award for deficiency compensation was postponed "due to third-party litigation or settlement" (*Matter of Barberie v Helmsley Spear Co.*, 51 AD3d 1289, 1291 [2008]; *see Matter of Belleville v Madame Pirie's, Inc.*, 28 AD3d 977, 977 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Tritto v Lasala Constr. Co.*, 77 AD2d 753, 753 [1980]; *Matter of Gantz v Wallace & Tiernan Lucidol Div.*, 41 AD3d 991, 992 [1973]; *Matter of Craven v Andrews*, 238 App Div at 348). The Board was correct in finding that that did not occur here because claimant's third-party settlement played no part in the expiration of the statutory time periods.

The cases cited by the Special Fund where transfers of liability were denied are distinguishable, for in each case the calculation and/or payment of deficiency compensation was actually postponed due to third-party litigation or settlement (*see Matter of Manning v Niagara Mohawk Power Corp.*, 119 AD2d at 947; *Matter of Schreckinger v York Distribs.*, 9 AD2d 333, 335 [1959]; *Matter of McCarthy v Heinz Co.*, 2 AD2d 908, 909 [1956], *lv denied* 2 NY2d 708 [1957]). While it is unclear whether that was also true in *Matter of Kusy v South Orangetown Cent. School Dist.* (34 AD3d 973 [2006]), to the extent that it can be read as having denied transfer even though the claimant's third-party claim played no part in the running of the statutory time periods, it should not be followed.

Cardona, P.J., Peters, Kavanagh and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.

---

\* We note, however, that the payment of medical and related expenses does not constitute compensation that tolls the three-year limitations period specified in Workers' Compensation Law § 25-a (*see* Workers' Compensation Law § 13 [a]; *Matter of Bates v Finger Lakes Truck Rental*, 41 AD3d 957, 960 [2007]).