■ In the Matter of THOMAS LYNCH, Respondent, v BUFFALO BILLS, INC., Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [878 NYS2d 505]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed December 14, 2007, which, among other things, ruled that liability shifted to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.

Claimant, a former professional football player, was classified with a permanent partial disability in 1984. As of September 25, 2001, all workers' compensation payments were suspended because he was earning in excess of his former average weekly wages. Pursuant to a July 11, 2002 decision, his case was closed

with no further action. On April 27, 2005, the self-insured employer requested discharge to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a. Indeed, as of that date, seven years had elapsed from the initial injury and three years had elapsed from the last payment of compensation (*see* Workers' Compensation Law § 25-a [1]).

No action was immediately taken on this request. Ultimately, however, a hearing was held. In the meantime, claimant's lawyer submitted claimant's recent W-2 statements reflecting decreased earnings in recent years and requested, apparently for the first time at that hearing, a new claim for reduced earnings for the period January 1, 2003 through January 1, 2006.* Following this hearing, the Workers' Compensation Law Judge found that the case was closed as of July 2002, transferred liability to the Special Fund effective September 25, 2004 (i.e., three years after the last payment was made) and bifurcated the new claim for reduced earnings between the employer and the Special Fund. Upon the Special Fund's application to review, the Workers' Compensation Board affirmed. In so doing, the Board found that the case was closed as of July 2002, when no further proceedings were contemplated. The Board further concluded that the matter should have been opened for Workers' Compensation Law § 25-a consideration subsequent to the employer's April 27, 2005 letter and that liability should be transferred to the Special Fund. The Board upheld the bifurcation of the new claim. The Special Fund now appeals.

Workers' Compensation Law § 25-a provides that "after a lapse of seven years from the date of the injury . . . and also a lapse of three years from the date of the last payment of compensation," an award of benefits shall be made "against the [S]pecial [F]und" (Workers' Compensation Law § 25-a [1]). Here, there is no dispute that there was a seven-year lapse from the date of claimant's 1984 injury and a three-year lapse from the date of the last payment of compensation. Moreover, the question of "[w]hether there has been a true closing of the case is a factual issue for the Board to resolve and its determination in this regard will be upheld if supported by substantial evidence" (*Matter of Early v New York Tel. Co.*, 57 AD3d 1341, 1343 [2008]). Substantial evidence supports the Board's factual determination that this case was "truly closed" as of July 2002 (*see id.* at 1342; *Matter of Giglio v C.I.R. Elec.*, 55 AD3d 1183, 1185 [2008]; *Matter of Rodriguez v Greenfield Die Casting*, 53

---

* As claimant's earnings for 2006 once again exceeded his former average weekly wages, no claim was being made for a reduced earning award for that year.

AD3d 728, 730 [2008]; *Matter of Krajas v Chevy Pontiac Canada Group*, 188 AD2d 829 [1992]), notwithstanding the claim for resumed reduced earning benefits (*cf. Matter of Jansch v Sagamore Children's Fund*, 302 AD2d 851, 853 [2003]).

In addition, we are likewise persuaded that the Board's finding that liability should be transferred to the Special Fund as of the employer's April 27, 2005 application was also supported by substantial evidence (*see Matter of Ewing v YMCA*, 57 AD3d 1080, 1081 [2008]; *Matter of Fuentes v New York City Hous. Auth.*, 53 AD3d 873, 873-874 [2008]). This being the case, however, we agree with the Special Fund's argument that the Board should not have directed any payments by the employer (*see generally Matter of Castro v New York City Tr. Auth.*, 50 AD3d 1272, 1273 [2008]). Rather, claimant's recovery was limited to payment by the Special Fund for the two-year period prior to the April 27, 2005 application (*see* Workers' Compensation Law § 25-a [1]; *Matter of Ferraro v Nathan & Co.*, 84 AD2d 621 [1981]; *Matter of Gantz v Wallace & Tiernan Lucidol Div.*, 41 AD2d 991, 993 [1973]).

Cardona, P.J., Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as directed payment of reduced earning benefits by the self-insured employer and, as so modified, affirmed.